[Civ. No. 6023. First Appellate District, Division One.—December 31, 1927.]

In the Matter of the Adoption of MARGARET NEWMAN, a Minor. LILA WATSON, Appellant, v. RALPH NEWMAN, Respondent.

Owen D. Richardson for Appellant.

Fred L. Thomas and Archer Bowden for Respondent.

KNIGHT, J.—On March 24, 1925, Lila Watson adopted the infant child of Ralph and Mary Newman without obtaining the consent of its father, and on May 15, 1925, at the instance of the father, the order of adoption was set aside. This appeal has been taken from the order vacating, and the question presented for determination is whether under the circumstances hereinafter set forth the consent of the father was essential to the adoption.

The parents of the child were married in March, 1921, and lived together as husband and wife until February, 1924, at which time they separated. Margaret Newman, the child here involved, was the issue of the marriage, having been born about seven months prior to the separation of her parents. In March, 1924, Mrs. Newman, who was then residing in San Jose with her sister, Lila Watson, filed a complaint for divorce, alleging extreme cruelty. Her husband filed a cross-complaint for divorce upon similar grounds. The record before us does not show that findings in the divorce action were ever made or waived; however, on September 4, 1924, an interlocutory judgment of divorce was granted and entered in favor of Mrs. Newman, and she was awarded the custody of the child, Newman being directed to pay thirty-five dollars a month for its maintenance and being granted the right to visit the child at reasonable times. It appears that following the granting of the interlocutory decree Mrs. Newman continued to make her home with her sister, the child living with them, and on March 25, 1925, Mrs. Newman died.

A few days preceding her death Newman visited her, and, according to his affidavit, Lila Watson at that time requested him "to leave" the child in her custody, which he refused to do. The next day, March 21st, Mrs. Newman executed a written consent to the adoption, and on March 24th the order of adoption was obtained, it being alleged in the petition that "the father of said minor child, said Ralph Newman, was adjudged guilty of cruelty and for said cause was divorced from said Mary Newman ·. . . by the interlocutory judgment of said court. . . . " It was on the day following the adoption proceeding that Mrs. Newman died. Newman at this time was residing in Oakland, and within a month thereafter learned of the adoption proceeding through friends and immediately filed a motion, supported by affidavit, to set aside the order of adoption. In his affidavit he stated, among other things, that his place of residence in Oakland, where he had lived for some time, was well known to Lila Watson, but that she had given him no notice whatever of the intended adoption proceeding. On May 15, 1925, his motion was granted.

Section 224 of the Civil Code reads as follows: "A legitimate child cannot be adopted without the consent of its parents if living, nor an illegitimate child without the consent of its mother, if living, except that consent is not necessary in the following cases, to-wit: . . . 2. From a father or mother adjudged guilty of adultery or cruelty *and for either cause divorced.* . . . " (Italics ours.)

The contention of appellant is that unless appealed from or set aside, an interlocutory decree of divorce is final as to all matters properly adjudicated therein; and that therefore the interlocutory decree here, having adjudged the father to be guilty of cruelty and that his wife was entitled to a divorce from him on that ground and not having been appealed from or set aside, the father was "divorced" upon the ground mentioned within the meaning of said section 224 of the Civil Code.

We are unable to sustain this contention. It may be stated generally that since the statutes relating to adoption are in derogation of the common law, the rule of strict construction applies, especially when the purpose or effect thereof is to deprive a natural parent of the possession of his child;      and the courts, being solicitous in preserving the integrity of the family and zealous to protect the rights of the parents, will construe every intendment thereof in favor of the claim of the natural parent, all doubts being resolved in his favor; and if the statute is open to interpretation, it should be construed in support of the rights of the natural parent. (1 Cal. Jur. 421; *In re Cordy,* 169 Cal. 150 [146 Pac. 532, 534]; *Matter of Cozza,* 163 Cal. 514 [Ann. Cas. 1914A, 214, 126 Pac. 161]; *In re McGrew,* 183 Cal. 177 [190 Pac. 804].)

As shown, under the provisions of section 224 of the Civil Code the consent of the father to the adoption was essential, unless he had been adjudged guilty of extreme cruelty and for that cause "divorced." Construing the word "divorced" strictly, it can mean but one thing—a dissolution of the marriage; and a marriage is dissolved only by death of one of the parties, or "by the judgment of a court of competent jurisdiction *decreeing a divorce of the parties.*" (Civ. Code, sec. 90.) (Italics ours.)

■ It has been repeatedly held that the entry of an interlocutory decree does not dissolve the marriage relation, and that the parties thereto remain in the relation of husband and wife until the marriage is dissolved by the final judgment. (See cases cited in note in 9 Cal. Jur., pp. 757, 758.) The office of the interlocutory decree is merely that of declaring that the party in whose favor the court decides is entitled to a divorce (*Olson* v. *Superior Court,* 175 Cal. 250 [1 A. L. R. 1589, 165 Pac. 706]; *Brown* v. *Brown,* 170 Cal. 1 [147 Pac. 1168]; *Estate of Dargie,* 162 Cal. 51 [121 Pac. 320]). It is but a step in the divorce proceeding (*Brown* v. *Brown, supra*).

■ In the present case death dissolved the marriage before the parties were divorced. At the time of Mrs. Newman's death, therefore, the parties were still husband and wife, and while that relationship existed the consent of the father to the adoption of his child was essential, and, not having been obtained, the court was without jurisdiction to make a valid order of adoption (*Estate of Sharon,* 179 Cal. 447 [177 Pac. 283]), and was therefore justified afterward in vacating the order (*Miller* v. *Higgins,* 14 Cal. App. 156 [111 Pac. 403]; *Estate of Pillsbury,* 175 Cal. 454 [3 A. L. R. 1396, 166 Pac. 11]; *Bell* v. *Krauss,* 169 Cal. 387 [146 Pac. 874]).

For the reasons above stated the order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1928.

All the Justices present concurred.