[Civ. No. 3732.  Third Appellate District.—April 8, 1929.]

In the Matter of the Adoption of RICHARD H. CHRISTIE, Jr., a Minor. RICHARD H. CHRISTIE, Appellant, v. H. H. SHEAFER et al., Respondents.

Lucian J. Clarke and Clarke & Wilson for Appellant.

Lyle W. Rucker for Respondents.

McDANIEL, J., *pro tem.*—This appeal is from an order of the superior court of Los Angeles County, in department No. 27, denying a motion to set aside a decree of adoption. The motion was made under the provisions of section 473 of the Code of Civil Procedure. The facts may be summarized as follows, to wit: Richard H. Christie, Jr., is the son of appellant Richard H. Christie and his wife, Ruth A. Christie. He was born October 8, 1922. The petition for adoption of said minor child was filed by H. H. Sheafer and Clara Sheafer, his wife, who were the maternal grandparents. The petition shows that Ruth A. Christie, the mother of said child, secured an interlocutory judgment of divorce from her husband, Richard H. Christie, upon the grounds of extreme cruelty, on the eighth day of March, 1926, in department seven of the superior court, in and for Los Angeles County. It is alleged that on March 9, 1927, a final judgment of divorce was entered in this matter in favor of Ruth A. Christie and against Richard H. Christie; and that the mother of said child consented in writing to the adoption of the said child by the petitioners. The remaining averments in the petition for adoption are apparently in due

form. It was filed on the tenth day of March, 1927, the next day after the issuance of the said final decree of divorce. Thereafter, on said day, the matter was heard by the court and all the proceedings seem to have been in due form, except it affirmatively appears from the record that the father of the minor was not given any notice of the hearing of said proceedings for adoption, was not present at the hearing, and did not in any manner, nor at all, give his consent thereto. The adoption proceedings were heard in department No. 27 of said court. On the twenty-third day of March, 1927, the appellant Richard H. Christie filed a notice of motion to set aside and vacate the decree of adoption in said matter. He sets forth as grounds of motion that said decree was made against the said Richard H. Christie through his mistake, inadvertence, surprise and excusable neglect; that the court is and was without jurisdiction to act upon the petition for adoption, or to enter the decree therein; that the decree is contrary to, and in violation of, article I, section 13, of the Constitution of the state of California, in that it deprives said Richard H. Christie of his property without due process of law; that fraud and deceit were practiced upon the court to procure the said decree of adoption, in that, at said time, to wit, March 10, 1927, the above-entitled court, in department 29 thereof, had theretofore acquired and had jurisdiction over the awarding of the care, custody and control of said minor child, and on the twenty-eighth day of February, 1927, had made its order so awarding the child to both parents in the divorce action between Ruth A. Christie and Richard H. Christie, the mother and father of said minor child; and this court (i. e., department 27 of said above-entitled court) was not informed of the effect or circumstances of said order of the judge of said department 29; that at the time of the said decree of adoption, to wit, March 10, 1927, there was no valid final decree or judgment of said divorce between the parties to said action; that the mother and father of said minor child were not divorced. Supporting the petition was the affidavit of Richard H. Christie, a copy of which was attached to the notice of motion, and reference was made, also, to the papers and records on file in said divorce action, same being number D–43768, superior court of Los An-

geles County files. The petition also cited authorities relied upon. The affidavit of appellant shows all of the matters set forth in this petition, with a few added facts, namely, that after the interlocutory decree was entered on the eighth day of March, 1926, on the tenth day of March, 1926, an amended interlocutory judgment in said action was entered in the records of said court, wherein the care, custody and control of the minor son of the parties was awarded to the plaintiff in the divorce action, namely, Ruth A. Christie, but permitting the defendant, the affiant, to take the minor son from the home of the plaintiff, between the hours of 10 o'clock A. M. and 5 o'clock P. M., on Wednesday of each week, until the further order of the court; that thereafter, on or about the twenty-first day of December, 1926, the parties to said action entered into an agreement in writing, which agreement is filed in said divorce action, and of which a certified copy has been filed herein and made a part of the record on this appeal. The said agreement provides that on the *ex parte* application of the affiant, or his attorney, at any time after the date of said agreement, the said interlocutory order may be modified so as to provide that the care, custody and control of said minor child shall be equally divided between the plaintiff and affiant; that pursuant to said agreement, on the nineteenth day of January, 1927, an amended interlocutory judgment was docketed and entered in said action, providing that the care, custody and control of said minor child be equally divided between the parties, and that affiant and his father, Haldane H. Christie, be permitted to take the minor son from the home of plaintiff or from such other place as said minor child might be living, and keep the custody and control of him, not to exceed in the aggregate, six months in any one calendar year; that on the twentieth day of January, 1927, an order was issued by the presiding judge of said court requiring the parties to appear in department 29, on the twenty-eighth day of February, 1927, at 10 o'clock A. M., to show cause, if any they had, why the minor son of plaintiff and affiant should not be placed in the hands of Mrs. H. H. Sheafer, plaintiff's mother, and she be given the ultimate custody and control of him, pending the further order of the court, and further, to show cause why the defendant (this affiant)

should not be restrained from taking the child from the home of plaintiff's mother.

It is recited that in said department 29, on February 28, 1927, pursuant to said order, affiant and his father, plaintiff Ruth A. Christie, and her mother, Mrs. H. H. Sheafer, appeared and testified concerning matters then before the court, and that at the conclusion of the hearing the court directed affiant's attorney, Lucian J. Clarke, Esq., to prepare an amended interlocutory judgment of divorce and order, and submit it to Lyle W. Rucker, Esq., attorney for plaintiff, before submitting it to the judge of department 29 for his approval and signature. The affidavit further alleges that on March 18, 1927, another amended interlocutory judgment of divorce and order was entered in the records of the court; then it sets forth the steps taken in the adoption proceedings in department 27; states that affiant has examined the papers and documents and file of said adoption proceeding, and no mention was therein made of the pendency in said superior court, or in department 29 thereof, of any matter, question or action, or order or judgment, relative to the care, custody or control of affiant's minor son; and alleges that affiant had no knowledge nor notice, either written or oral, of the pendency of said adoption proceeding, or of the intention of plaintiff in said divorce action, or her mother or her husband, to petition this, or any court for the adoption of the child; further alleges that affiant has stated all the facts herein related, to his attorney, and is by him informed and verily believes that this court is and was without jurisdiction to hear and determine the matters contained in the petition for adoption, and make or enter said decree of adoption therein; states that had affiant known of the filing of the petition he would have appeared in said court at said time and objected and resisted the same to the utmost of his ability; that he has never consented nor agreed to the adoption, by any person, of said minor child, and asks that the decree of adoption be set aside. The foregoing facts either were not controverted or were established beyond question by the record.

Respondents contend that the trial court had plenary jurisdiction; that the proceedings were regular in all respects; that the decree of adoption was valid, and the judgment denying appellant's motion should be affirmed.

■ Matters of testimony not certified to this court nor shown in the record were argued, but cannot be given consideration because not properly presented by this appeal.

On the twelfth day of April, 1927, in department 27 of said superior court, the motion to vacate and set aside the decree of adoption was denied. In the argument it is conceded that at the time of the hearing on the motion it was shown to the court that on March 19, 1927, upon application by appellant heard in department 15 thereof, the final decree of divorce of March 9, 1927, was vacated and set aside by order duly entered, and thereafter the plaintiff Ruth A. Christie took an appeal now pending therefrom.

■ Statutes relating to adoption are in derogation of the common law and must be strictly construed. (*In re Newman*, 88 Cal. App. 186 [262 Pac. 1112].) That case also holds that since the statutes relating to adoption are in derogation of the common law, the rule of strict construction applies, especially when the purpose or effect thereof is to deprive a natural parent of the possession of his child, and the courts, being solicitous in preserving the integrity of the family and zealous to protect the rights of the parents, will construe every intendment thereof in favor of the claim of the natural parent, all doubts being resolved in his favor; and if the statute is open to interpretation it should be construed in favor of the natural parent. (Citing authorities.)

■ It affirmatively appears from the record herein and in the above-entitled divorce action, while the so-called final decree of divorce of March 9, 1927, was silent as to the matter of the care and custody of the minor child, there was actually in force a subsisting and valid order dated January 19, 1927, made *ex parte*, it is true, but continued in force expressly, February 28, 1927, after hearing in open court in the presence of all parties, which was made in accordance with the provisions of section 138 of the Civil Code of this state, during the pendency of the divorce proceedings. This court, when discussing *In re De Leon*, 70 Cal. App. 1, on page 14 [232 Pac. 738, 743], says: "While section 224, Civil Code, provides generally that consent shall not be necessary to the adoption of children of the marriage from the parent against whom the decree is granted on the ground of cruelty, the section stops there. It does not assume to interfere with the orders of the court in divorce

proceedings as to the custody of children." The preceding sentence is the court's quotation, in part, from the *Matter of Cozza,* 153 Cal. 514 [Ann. Cas. 1914A, 214, 126 Pac. 161]. The court then proceeds: "After further discussion of the case the Supreme Court held that even though the divorce had been granted to the husband on account of the extreme cruelty of the wife, the child having been awarded to her, notice of the proceeding to adopt the child in question was absolutely necessary, and the proceeding having been had without giving notice and without her consent, the order of the trial court was reversed." The view shown in these excerpts is applicable to the instant case. ▉ If there are any doubts, however, that the trial court herein committed error in making the adoption award without requiring notice to be served upon the father, the appellant herein, and if it be deemed that at the time of the decree of adoption the court *prima facie* had jurisdiction to render judgment—it became apparent on the hearing of the motion to set aside the decree, without contradiction, that the final decree of divorce of March 8, 1927, had been vacated and annulled. We deem that the situation then shown left the parties, by virtue of that vacation of the final decree, as if no final decree had ever issued, and the parties stood before the court as husband and wife, and directly within the express purview of section 224 of the Civil Code. They were not divorced, although the wife possessed the interlocutory decree declaring her entitled to a final decree. The husband was entitled to notice, and his consent to the adoption was requisite and necessary. This view makes any analysis or discussion of other points argued by respective counsel, needless. We regard the cases of *Miller* v. *Higgins,* 14 Cal. App., at page 156 [111 Pac. 403], *In re De Leon,* 70 Cal. App. 1 [232 Pac. 738], and *In re Newman,* 88 Cal. App. 186 [262 Pac. 1112], in their reasoning and application of the principles of law which pertain to adoption, as decisive of the question of the necessity of notice upon appellant at the hearing for adoption in the trial court and all the material issues herein.

The order is reversed.

Thompson (R. L.), J., and Plummer, P. J., *pro tem.,* concurred.