198 P.2d 842

**WESTERLUND v. CROAFF, Judge.**
**No. 5164.**

Supreme Court of Arizona.
Nov. 1, 1948.

Clark, Scoville & Coker, of Phoenix, for relator.

Francis J. Donofrio, Co. Atty. and James J. Caretto, Deputy Co. Atty., both of Phoenix, for respondent.

Frank J. Duffy, of Phoenix, for petitioners.

UDALL, Justice.

This is an original proceeding initiated in this court by Paul W. Westerlund, relator, seeking to prevent respondent, the Honorable Thomas J. Croaff, one of the judges of the superior court of Maricopa County, from continuing to exercise jurisdiction in the matter of the adoption of Marguerite Westerlund, a minor, in cause No. 1518 now pending in said court. Statutory notice of application for a peremptory writ of prohibition was given the respondent who has appeared by filing both a motion to dismiss the petition and an answer.

The facts necessary to a determination of this proceeding are not in dispute and may be briefly summarized. Don A. Seeds and Marguerite Elinor (Westerlund) Seeds, husband and wife, filed in the superior court of Maricopa County an amended petition to adopt as their own child (Mrs. Seeds being the natural mother) Marguerite Westerlund, a female minor child of the age of approximately 14 years. The petition alleged that the natural father, Paul W. Westerlund, " * * * has wilfully deserted and neglected to provide proper care and maintenance for said child for more than one year next preceding the filing of this petition * * *" and that " * * * Your petitioners verily believe that the welfare of the said child will be subserved and her best interests promoted by said adoption." The relator (whose residence is in Long Beach, California), having been served with a copy of the petition, made an appearance in the case and resisted the application to adopt his daughter. His motion to dismiss set out that he had not consented in writing to said adoption as is required by Sec. 27-203, A.C. A.1939, and further he denied that he had deserted his daughter or neglected to provide for her. The matter came on for hearing before the court (Judge Croaff presiding) on August 24, 1948, on the issue of desertion and neglect to provide, at the conclusion of which the following occurred:

"The Court: There may be this finding: on the motion to dismiss, the Court finds from the evidence that the father of the child, Paul Westerlund, is not guilty of wilfully deserting and neglecting to provide proper care and maintenance for the said child for one year next preceding the filing of the petition.

"Mr. Scoville: Your Honor, you deny my motion to dismiss?

"The Court: The motion to dismiss is denied, and it is the Court's interpretation of the law that I should proceed to take testimony and hear the question of whether or not it will be for the welfare of the

child and for her best interests that the adoption should be made."

As the basis for invoking the extraordinary remedy of prohibition, it is the relator's contention that when the court found that there had been no desertion or neglect to provide on his part, he having refused to consent in writing to the adoption, the court should have granted his motion to dismiss the petition as it was then without jurisdiction to proceed further in the cause. On the other hand it is the position of the respondent that the ruling made was merely a preliminary finding of fact, and that it remains in the realm of conjecture and presumption as to what final disposition the court might make of the petition. Furthermore, it is urged that relator had a plain, speedy and adequate remedy available to him by appealing from the final order that might be entered in the matter, and that there was no basis for seeking prohibition.

■■■ We shall first consider the jurisdictional question which is squarely presented by this record. Is the consent in writing of the living natural parents, or the statutory equivalent of such consent, an essential jurisdictional prerequisite to the exercise of the power of the court in an adoption proceeeding? Certain well established principles will be of aid in answering this question:

"As adoption is in derogation of the common law, generally speaking it may be said that adoptive statutes should receive a strict construction, particularly with respect to the jurisdiction of the court or where the effect of the adoption would be to deprive a natural parent of the possession of his child. * * *

"Although the courts tend to construe adoption statutes to favor the child, it is also true, due to the respect paid the relationship of parent and child, that every intendment should be in favor of the claim of the parent, and where the statute is open to construction and interpretation, it should be construed in support of a natural parent who does not consent to the adoption." 2 C.J.S., Adoption of Children, § 6a.

See also In re Webb's Adoption, 65 Ariz. 176, 177 P.2d 222; Furgeson v. Jones, 17 Or. 204, 20 P. 842, 3 L.R.A. 620, 11 Am. St.Rep. 808; In re Newman, 88 Cal.App. 186, 262 P. 1112; Matter of Cozza, 163 Cal. 514, 126 P. 161, Ann.Cas.1914A, 214; In re Jackson, 55 Nev. 174, 28 P.2d 125, 91 A.L. R. 1381; 1 Cal.Jur. 436, Sec. 19.

■■■ The law governing the matter of adoptions in this state is found in Chapter 27, Article 2, A.C.A.1939, and the necessity of consent is covered by Sec. 27-203, which reads:

"*Consent of parents or guardian.—The parents of the child, or the survivor of them, shall, except as herein provided, consent in writing to such adoption.* If neither parent is living, the guardian of the child, or if there is no guardian, the next of kin in this state, may consent; or if there is

no next of kin, the court may appoint some suitable person to act in the proceedings as next friend of the child to give or withhold such consent." (Emphasis supplied.)

The following section prescribes when consent is not required.

"*Consent, when not necessary.*—If either parent is insane or imprisoned in a prison under a sentence for a term not less than three (3) years, *or has wilfully deserted and neglected to provide proper care and maintenance for the child for one (1) year next preceding the filing of the petition,* the court shall find such fact and thereupon proceed as if such parent were dead." (Emphasis supplied.) Sec. 27-204, A.C.A. 1939.

Both of these sections, in substance, appeared in the Revised Statutes of Arizona, 1913, Secs. 1189 and 1190, and in the 1928 Revised Code of Arizona, Secs. 119 and 120. Both of these codes, however, contained a further express proviso that "* * * An adoption may be decreed without the consent of the parent, guardian, next of kin or next friend where (the judge considers that) the interests of the child will be promoted thereby." Sec. 1193, R.S.A.1913 and Sec. 123, R.C.A.1928. This was the statutory law in effect at the time this court rendered the decisions in the adoption cases of In re Gallegos, 21 Ariz. 250, 187 P. 573, and In re Clough, 28 Ariz. 204, 236 P. 700. In these cases we held that the consent of a parent to the adoption of his child was not necessary if it appeared that the best interests of the child would be promoted by the adoption. By the enactment of Chapter 57, Session Laws of Arizona 1933, now appearing as Sec. 27-207, A.C.A.1939, section 123, R.C.A.1928 was completely revised, and the last quoted phrase omitted. This latter section, 27-207, supra, deals with examination by the judge, interlocutory and final order and revocation thereof. It provides that the court, after examining all persons appearing and considering the report of its investigating officer "* * * if satisfied that the interests of the child will be promoted by the adoption * * *", shall enter the interlocutory order of adoption. But this wording cannot be so tortuously construed as to find therein authorization for adoption without the consent of the parents. Certainly no court would, even if consent were given, grant an adoption unless it considered that it was for the best interests of the child.

The fundamental rule in interpreting statutes is to ascertain and give effect to the intention of the legislature. State v. Borah, 51 Ariz. 318, 76 P.2d 757, 115 A.L.R. 254; Valley National Bank of Phœnix v. Apache County, 57 Ariz. 459, 114 P.2d 883. With this as our guide we are unable to escape the conclusion that the legislature by enacting Chapter 57, Session Laws of 1933, Sec. 27-207, A.C.A.1939, definitely and intentionally changed the former policy relative to adoption by eliminating therefrom the authority to grant an adoption on the basis

of "best interests" alone, thus making it mandatory under the clear and certain language of Secs. 27-203 and 27-204, supra, that the natural parent consent in writing to said adoption unless the parent is insane, imprisoned or has been guilty of wilful desertion or neglect. None of these statutory equivalents of consent is present in the instant case. There is no contention that the relator is insane or imprisoned, and the court expressly found that he was not guilty of wilful desertion or neglect to provide for the child.

The language of the statute being plain and unambiguous, we hold that under our law consent in writing of the living natural parents, or its statutory equivalent, is a jurisdictional prerequisite to a valid adoption. This principle is stated in 2 C.J.S., Adoption of Children, § 18:

"Consent of the parties to an adoption, where required by the statute, is a jurisdictional fact and without it a valid order of adoption cannot be made * * *". See also Sec. 21–a (1) Ibid.

The court in the instant case, there being a lack of consent, by expressly finding an absence of the only alleged statutory equivalent, automatically deprived itself of the right to proceed further with the hearing. Jurisdiction cannot be made to hinge upon a finding as to the "best interests" of the child. It would be an idle thing for the trial court to proceed to take further testimony in the case on this latter point where the jurisdiction to grant the adoption no longer existed. Renck v. Superior Court of Maricopa County, 66 Ariz. 320, 187 P.2d 656.

The remaining question for our determination is whether under these circumstances relator has invoked the proper and appropriate remedy. It is fundamental that a writ of prohibition lies to prevent an inferior tribunal from acting without or in excess of its jurisdiction. Article 6, Section 4, Constitution of Arizona; Duncan v. Superior Court of Pinal County, 65 Ariz. 193, 177 P.2d 374, and cases therein cited; 50 C.J., Prohibition, Sec. 20. The law governing the instant situation is precisely set forth in the following text statements:

"Jurisdiction over the subject matter of an action or the parties thereto, although it has once confessedly attached, may subsequently terminate, and when this happens the court is as destitute of jurisdiction as if jurisdiction either of the subject matter or of the persons had never existed; and if it proposes to take any further action, the writ of prohibition may issue. * * *" 42 Am.Jur., Prohibition, Sec. 25. See Johnson v. Betts, 21 Ariz. 365, 188 P. 271.

"Prohibition will lie to prevent an inferior court or other officer or tribunal from continuing to act after it has lost or been divested of jurisdiction, as by * * * wrongful refusal of a dismissal. * * *" 50 C.J., Prohibition, Sec. 26.

Respondent contends that prohibition is not proper in this case on the grounds that

there exists an adequate remedy by appeal, and that prohibition will not lie merely as a substitute therefor. While it is true that the writ of prohibition is not to be resorted to simply in order to circumvent the ordinary appeal process, such is not the situation here. It is our view that this case properly comes within the principle enunciated in 50 C.J., Prohibition, Sec. 56 at page 682:

" * * * Thus, if the proceedings complained of are clearly beyond the jurisdiction of the inferior court or tribunal, and must ultimately be held to have been mistaken, prohibition should issue before the party aggrieved is put to the difficulties that would be raised, and the court to the inconvenience that would ensue, by permitting such proceedings to continue. * * * "

A similar pronouncement is found in 42 Am.Jur., Prohibition, Sec. 6:

" * * * The scope of the remedy ought not to be abridged, as it is better to prevent the exercise of an unauthorized power than to be driven to the necessity of correcting the error after it is committed. * * * "

This court has on several occasions adhered to this concept of the scope of the remedy of prohibition. See Redewill v. Superior Court of Maricopa County, 43 Ariz. 68, 29 P.2d 475; D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243.

We are of the opinion that the respondent should have granted the motion to dismiss the petition to adopt after its finding that there had been no desertion or neglect to provide for the child. Such a finding deprived it of jurisdiction to proceed with the hearing. A peremptory writ of prohibition should issue prohibiting the court and the judge thereof from proceeding further in cause No. 1518, and it is so ordered.

STANFORD, C. J., and LaPRADE, J., concur.