360 P.2d 1025

Claud EMERY, Ivan J. Mashek, Nelson F. Huie, James R. Merritt, Dick Smith, Allan R. Perry, L. A. Tanner, Robert P. Van Denburgh and Edward Mathis, Petitioners,

v.

SUPERIOR COURT OF MARICOPA COUN-TY, Arizona, and Warren L. McCarthy, one of the Judges of the Superior Court of Maricopa County, State of Arizona, and Bill P. Hatch, D.O., Geoffrey Lawrence, D.O., James Chapman, D.O., D. A. Stiles, D.O., L. A. Nowlin, D.O., H. C. Purtzer, D.O., and C. H. Crotty, D.O., Respondents.

No. 7211.

Supreme Court of Arizona.

April 5, 1961.

Carl W. Divelbiss, Phoenix, for petitioners.

James J. Cox, Jr., Phoenix, for respondents.

UDALL, Justice.

Petitioners (respondents in the mandamus action below) requested this court to issue a writ of prohibition directing respondents The Superior Court of Maricopa County and Warren L. McCarthy, Judge thereof, to desist from enforcing an amended peremptory writ of mandamus issued by that court September 20, 1960 in Cause No. 110678 and to desist from taking any further proceedings in said cause of action. We granted the alternative writ of prohibition in order to more fully consider the problem raised by the petition.

The problem presented for us to resolve is entirely a matter of appropriate pleading in a mandamus action. Because of the difficulty encountered by both the court and counsel below, no doubt somewhat engendered by a lack of Arizona cases dealing with the matter, we deem it advisable to make a rather full statement of the principles which are appropriate to a solution of the present controversy.

The essence of petitioners' theory is that the alternative writ of mandamus constitutes the primary pleading in a mandamus action and is therefore governed and to be construed by the rules governing the primary pleading or complaint in an ordinary action at law. Under this theory petitioners allege that the alternative writ of mandamus issued below was faulty because it failed to state a claim upon which relief could be granted; that it was never properly amended to cure this defect; that it was therefore void; and that the peremptory writ issued based on the alternative writ was also void because the foundation (the alternative writ) was void.

Petitioners' theory correctly states the common law governing pleading in mandamus which is followed by a majority of states today. See 55 C.J.S. Mandamus §§ 260, 266, 316, and 318, and cases cited therein. At common law, as set out in the above cited authority, the alternative writ issued summarily serving as both process and pleading. As such it became the primary pleading in the action and stood in the place of the complaint in an ordinary action at law. The petition for mandamus served only as a memorandum from which the court derived its information to give life to the alternative writ. Having spawned the alternative writ, the petition, like the umbilical cord, became functus officio. It seems to have been the rule that the petition could not supplement the alternative writ even by reference. In State v. City of Albuquerque, 31 N.M. 576, 580, 249 P. 242, 245, the court said:

"The relator cites Wampler v. State of Indiana ex rel. Alexander, 148 Ind. 557, 47 N.E. 1068, 38 L.R.A. 829, to the effect that the alternative writ of mandamus may be supplemented by the facts stated in the application in determining whether it is sufficient to withstand a demurrer. This authority supports such contention, but the state-

ment of that court in the opinion shows that this practice is local, and by reason of long recognition by the courts apparently it was not thought best to change it. It is not the law of any other jurisdiction, that we can discover, where the writ is held to be the initial pleading after its issuance."

The soundness of this rule becomes adundantly clear when it is recalled that mandamus is an extraordinary remedy designed to expedite matters where the applicant has an immediate and complete right to the thing demanded (Graham v. Moore, 56 Ariz. 106, 105 P.2d 962; Campbell v. Hunt, 18 Ariz. 442, 162 P. 882) and that the alternative writ issues summarily with no requirement that the petition be served on the respondent. The rule making the alternative writ the primary pleading insured adequate notice to the respondent of the claim against him without possibility of confusion created by multiple documents and permitted the respondent to answer directly and expeditiously without having to concern himself with any pleadings outside the one served upon him.

Although we have never had occasion to rule directly on the matter we have indicated that the answer in mandamus should be to the alternative writ rather than the petition. Burnside v. Douglas School District No. 27, 33 Ariz. 1, 261 P. 629. Since the answer is always to the primary pleading in the action it is clear that we have followed the common law rule making the alternative writ the primary pleading. The question then arises, has this rule been modified by subsequent statutes? We think not.

Pleading in mandamus actions is governed generally by the Rules of Civil Procedure subject to the special rules set forth in A.R.S. §§ 12–2021 through 12–2029. Under the statute, the alternative writ, as at common law, may be summarily issued without notice to the defendant. A.R.S. § 12–2023. Nothing in the statutes requires that a copy of the petition be served with the alernative writ. Thus it will be seen that the provisions for adequate notice are in no way different from that at common law. With no assurance that a copy of the petition will be served with the alternative writ the demands of adequate notice require that the alternative writ contain all the elements of a primary pleading in other actions at law.

Our view that the statute conforms to the common law where the alternative writ first issues is further confirmed by the provisions in A.R.S. § 12–2022, subd. B that the "alternative writ shall state generally the allegations of the complaint against the party to whom it is directed, *and* command such party * * * to do the act required to be performed, or to show cause * * * why he has not done so." (Emphasis supplied.) The use of the

conjunctive "and" shows the intent that the alternative writ include not only an order directing action but that it also include a statement of the petitioner's claim for relief or his "complaint against the party to whom it is directed." Similar statutes in New Mexico (N.M.S.A. § 22–12–6), Oregon (O.R.S. § 34.150) and Oklahoma (12 O.S. § 1453) have been construed as following the common law rule as we have set it out. See, e. g., Mora County Board of Education v. Valdez, 61 N.M. 361, 300 P.2d 943; United States v. Cohn, 201 Or. 680, 272 P.2d 982; Peed v. Gresham, 53 Okl. 205, 155 P. 1179.

While our statute was adopted from California (see Historical Notes to A.R.S. Ann. §§ 12–2021 through 12–2029) their corresponding section is not helpful because it does not include the requirement that the complaint be set forth in the alternative writ. That clause was held unconstitutional because of a peculiarity in the California Constitution relating to the process by which statutes may be amended. See Historical Note to West's Ann.C.C.P. § 1087. In addition, the California Code makes affirmative provision for service of the petition with the alternative writ. C. C.P. § 1088.

In one respect our statute has modified the common law rule relating to mandamus. A.R.S. § 12–2023, subd. B permits the peremptory writ to issue in the first instance if notice of application is first given but carefully requires that where notice is not given the alternative writ must first issue. This apparently adopts as a permissible form the practice obtaining in some states. which permit the petition for mandamus to take the place of the alternative writ. See 55 C.J.S. Mandamus § 260 and cases there cited. Where the petition replaces the alternative writ it must be served on the defendant with the summons so as to satisfy the notice requirements met by the alternative writ when it is issued.

It should be noted at this point that § 12–2022, subd. C requires that the peremptory writ "shall be in form similar to the alternative writ, except that the words requiring the party to show cause * * * shall be omitted." Thus the statute indicates that at this final stage as well as at the first two stages of the proceeding the cause and order must be fully set out so as to make clear what is being demanded and granted.

It may first appear that our view of this matter is overly strict and in derogation of the spirit of liberality governing our modern rules of civil procedure. Quite the contrary is true. The keynote of the modern rules of procedure is adequate notice. By adhering to the common law rules in this matter we assure a high degree of certainty in giving notice without otherwise affecting the applicability of the general rules of civil procedure to pleadings in mandamus.

Having set out the appropriate governing principles we turn now to their ap-

plication to the matters before us. In the action below the petitioners in mandamus filed on October 7, 1959, a petition for writ of mandamus demanding in substance that the respondents in mandamus (petitioners here) be compelled to remove a certain resolution from the records of a corporation and in its stead record another certain resolution. The alternative writ was issued summarily on the same day. The alternative writ did not include any recitations of the petitioners' complaint against respondents but consisted entirely of a directory clause ordering respondents to perform the ultimate acts demanded by petitioners to show cause. The alternative writ also ordered that a copy of the petition be served with the alternative writ.

Counsel for defendants, who apparently did not himself understand the principles he now urges upon us, replied with a motion to dismiss the *petition* for failure to state a claim upon which relief could be granted and to quash the alternative writ because the *petition* failed to state a claim upon which relief could be granted. The court, apparently viewing the petition and the alternative writ combined as the primary pleading, granted "Defendants' motion to dismiss *Writ of Mandamus* for failure to state a claim upon which relief could be granted." (Emphasis supplied.) The following day the court entered a nunc pro tunc order granting plaintiffs leave to file an amended "petition". The amended petition was filed December 16, 1959. Defendants' motion to strike the amended petition was denied. On March 28, 1960, plaintiffs' motion for summary judgment was granted. On May 16, 1960, the court entered judgment that the *alternative writ* issued October 7, 1959, be made peremptory. On June 15, 1960, notice of appeal was filed by defendants and thereafter, on July 18, 1960, the peremptory writ was issued.

At this point defendants' counsel had apparently worked out the appropriate theory as to the role of the various documents and persuaded the court, upon argument in connection with a motion to quash the peremptory writ, that the writs (alternative and peremptory) must of necessity contain enough recitals to withstand a motion to dismiss for failure to state a claim upon which relief may be granted. The court thereupon, in an attempt to rectify the difficulty, granted the motion to quash "without prejudice to the reissuance of an amended peremptory writ." Upon filing of the amended peremptory writ containing all the recitals of the amended petition plus a commandatory clause essentially identical but more elaborate than the original and only alternative writ the court issued the peremptory writ in that form. A motion to quash the amended peremptory writ was denied.

■ Applying the rules we have set out to these facts the following conclusions arise: (1) since the alternative writ issued October 7, 1959 did not state a claim upon

which relief could be granted, indeed did not contain any "allegations of the complaint against the party to whom issued," it was void and was properly dismissed by the court; (2) it was never amended or reissued by the court; (3) being void it could not serve as a proper foundation for the issuance of a peremptory writ of mandamus (the peremptory writ issued May 16, 1960, merely ordered that the original writ be made peremptory); (4) the peremptory writ being void for lack of foundation no amount of amendment could give it vitality; and finally (5) the court erred in not granting defendants' motion to quash this void peremptory writ.

■ Lest it be argued that the amended peremptory writ could stand alone under A.R.S. § 12-2023, subd. B permitting the peremptory writ to issue in the first instance, we should point out that it was issued and amended after appeal had been filed and the lower court was divested of jurisdiction except in the furtherance of the appeal. Whitfield Transportation, Inc. v. Brooks, 81 Ariz. 136, 302 P.2d 526.

■ It remains only to consider whether prohibition is a proper remedy in this case. We have repeatedly held that prohibition will lie where the inferior tribunal acts without jurisdiction or in excess of its jurisdiction. See e. g., Van Ness v. Superior Court, 69 Ariz. 362, 213 P.2d 899; Westerlund v. Croaff, 68 Ariz. 36, 198 P.2d 842;

D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243. In this case where the court had dismissed the alternative writ of mandamus which was never amended or re-entered it was deprived of jurisdiction to proceed in the matter before it.

■■ It is argued however that prohibition will not lie simply as a means to circumvent the ordinary process of appeal. But such is only true if the remedy of appeal is plain, speedy and adequate. The threat of the court to enforce the void amended peremptory writ of mandamus by possible contempt proceedings would work an injury on the petitioners which the slow process of appeal would be inadequate to remedy. This case is, in that respect, essentially identical with Van Ness v. Superior Court, supra, in which we granted prohibition to prevent the enforcement by contempt proceedings of an order which the court was without jurisdiction to enter. See also Westerlund v. Croaff, supra.

For the foregoing reasons the alternative writ issued by this court is made peremptory and it is ordered that respondents cease and desist from further proceedings on or concerning the enforcement of the amended peremptory writ of mandamus issued on September 20, 1960 in Cause No. 110678.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.