594

455 P.2d 276

**Alvin KORNGOLD, Appellant,**

v.

**Helen WRAY and Gerald B. Hirsch; Clague
A. Van Slyke; and Lawrence
Ollason, Appellees.**

**No. 2 CA–CIV 636.**

Court of Appeals of Arizona.

June 9, 1969.

Review Denied July 8, 1969.

Review Denied Sept. 23, 1969.

Alvin Korngold, Tucson, for appellant.

Kipps, Franklin & Terlizzi, by Raymond Terlizzi, Tucson, for appellees.

KRUCKER, Judge.

Appellees, hereinafter designated petitioners, Helen Wray, Gerald Hirsch, Clague A. Van Slyke and Lawrence Ollason, were granted a peremptory writ of mandamus commanding Tucson Radio, Inc., Alvin Korngold, and Joyce Korngold, president and secretary-treasurer, respectively, to transfer and reissue corporate shares to appellees. They had purchased 25 shares of stock in Tucson Radio, Inc., a closely held corporation, at a judicial sale on March 11, 1966. Alvin Korngold owns the remaining 475 outstanding shares. The corporation appears to be faced with numerous problems. No report to the Arizona Corporation Commission has been made for the years 1966 and 1967. No statutory agent has been appointed to replace the former agent. No notice has been given to the Arizona Corporation Commission of a complete management change. The stock has no monetary value and the corporation is "in the red."

Petitioners and respondents had several meetings and petitioners' requests for registration of the stock were unavailing. Consequently, on March 20, 1968, they filed an application for a writ of mandamus to compel registration. Respondents filed no responsive pleading, but appeared at the hearing on April 8 and tendered the stock to the court. The court granted them leave, however, to submit a memorandum by April 12. An answer and memorandum was filed on April 12, but because it was unverified it was refiled May 3. On May 13, the court ordered " * * * pursuant to petitioners' veritified [sic] Application for Writ of Mandamus * * * and [respondents'] memoranda * * * " that respondents' answer be stricken and that the stock be registered as requested. Notice of appeal was timely filed by Alvin Korngold.

Four allegations of error are presented:

(1) A writ of mandamus will not lie to compel a corporation to transfer stock ownership;

(2) Petitioners set forth no valid cause of action;

(3) The statute of limitations had run;

(4) Petitioners' proper course of action was conversion.

We believe allegation number two is controlling. Respondent's argument entitled "failure to state a claim for relief" includes a reference to the requirements of Emery v. Superior Court of Maricopa County, 89 Ariz. 246, 360 P.2d 1025 (1961). In *Emery*, the Arizona Supreme Court held that the alternative writ of mandamus

serves as the primary pleading in the action and that it must contain all the elements of a claim of relief in order to give the defendant notice and confer jurisdiction. This was held despite the fact that the application for the writ, stating sufficient grounds for relief, was served with the alternative writ.

The posture of this case is precisely the same as in *Emery*. The alternative writ itself did not state adequate grounds for relief although the application served with it did. There is no doubt but that respondent had adequate notice in fact of the complaint against him. We, however, must vacate the decision below on the basis of *Emery* despite what we believe is an indefensibly rigid rule, incompatible with the rules of fairness and flexibility generally observed in this state. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

Judgment vacated.

MOLLOY, C. J., and HATHAWAY, J., concur.