Submitted on briefs January 26; affirmed February 23, 1938

In re MAYFIELD

(76 P. (2d) 984)

In Banc.

*Rhoten & Rhoten*, of Salem, for appellant.
*Bruce Spaulding*, of Dallas, for respondents.

BELT, J. This is an adoption proceeding wherein the county court for Polk county granted the petition of Ethel Leone Kiser and Austin E. Kiser, her husband, to adopt Geraldine Ethel Mayfield, a minor child. Appeal was had by John Oliver Mayfield, the father of the child, to the circuit court. From a decree therein entered, affirming the county court, he appeals to this court.

The sole question involved is one of fact, viz, Did the appellant father willfully desert and neglect to provide proper care and maintenance for this child for one year next preceding February 3, 1936, being the time the petition for adoption was filed? If he did so willfully desert and abandon the child, he has no right to complain and the court, under section 33-403, Oregon Code 1930, will proceed "as if such parent were dead".

■ A brief statement of fact will suffice to show that the decree rendered by the county court, and affirmed on appeal by the circuit court, was in keeping with the welfare of the child and violated no natural right of the father.

John Oliver Mayfield and Cecil Leone Mayfield, a young girl 18 years of age, were married on September 18, 1930. At that time she was living with her widowed mother, petitioner herein. After the child was born, the husband made a feeble effort to provide for the mother and her baby by taking them to his father's home; but, after a few months, the mother and baby were obliged to go to the home of the petitioner, Ethel Leone Kiser, the maternal grandmother, where the child, with the exception of two brief periods of time, has ever since remained.

The marriage was not a success. On March 6, 1935, a decree of divorce in the circuit court for Polk county was entered in favor of the wife on the ground of willful desertion. The custody of the child was awarded to her with the exception that the father had the custody and control of Geraldine during the vacation months.

The mother of the child worked in a mill at Camas, Washington, for a few months after divorce was obtained but, on November 10, 1935, died as the result of a motorcycle accident.

It was then that the father began to assert his claim against the grandmother for the custody of the child. He frankly concedes that he deserted the mother with her young baby, but makes the technical and unreasonable contention that he was not obliged to support the child while in the custody of the mother, under the decree of divorce.

■ It would serve no good purpose to set forth the evidence in detail. The state child welfare commission, in accordance with the statute (§ 33-401, Oregon Code 1930), investigated this case before the adoption decree was rendered. In its report it was recommended that the welfare of the child would best be promoted by keeping it in the home of the grandmother. The findings of the county judge, who saw and heard the witnesses, is also persuasive. After careful consideration of the record, we think the evidence shows a willful desertion of the child. The decree of the circuit court is therefore affirmed.

Petitioners are entitled to costs and disbursements.