203 P.2d 507

**SHUMWAY v. FARLEY.**

No. 5205.

Supreme Court of Arizona.

Feb. 28, 1949.

Leslie Parry, of Phoenix, for petitioner.

Francis J. Donofrio, County Atty., and James J. Caretto, Deputy County Atty., both of Phoenix, for respondent.

Aaron Kinney and Nicholas Udall, of Phoenix, for adoptive petitioners.

Charles A. Stanecker and Harold R. Scoville, both of Phoenix, amici curiae.

UDALL, Justice.

This is an original proceeding for a writ of prohibition requested by petitioner Deryl D. Shumway seeking to prevent the Honorable Gordon Farley, one of the judges of the Superior Court of the State of Arizona, then presiding in Maricopa County, from continuing to exercise jurisdiction in the matter of the adoption of Carol Shumway, a minor, in cause No. 1738 now pending in said court. The respondent judge, represented by the county attorney of Maricopa County, and the attorneys for the adoptive petitioners have filed a return to the alternative writ of prohibition and a motion to quash. Counsel for the respective parties, as well as attorneys appearing amici curiae, have fully briefed the case which was submitted without oral argument.

The facts will be briefly summarized: Deryl D. Shumway and Faye Owens Shumway were married in the year 1938. The sole issue of their marriage was a daughter named Carol Shumway, who was born October 3, 1942. The wife obtained a divorce from her husband by a decree of the superior court of Maricopa County dated February 24, 1945. By its express terms the decree awarded to the mother "the care, custody and control" of their child, with "reasonable visitorial rights" to the father. The latter was ordered to pay $30 per month for the support of the child. The natural mother thereafter remarried and on October 1, 1948, she joined with her husband, George G. Doyle III, in filing in the superior court of Maricopa County a petition to adopt the said Carol Shumway who was then six years of age. The petition alleged that the said Deryl D. Shumway " * * * for more than one year next preceding the filing of this petition, has wilfully deserted and neglected and failed to provide proper care and maintenance for the said minor child," which is one of the statutory grounds rendering the written consent of a parent unnecessary. Section 27-204, A.C.A.1939. The father, who was then living in Huntington Park, California, by way of answer to the petition to adopt his daughter, denied that he had deserted and failed to provide for her. He vigorously protested the adoption and refused his consent thereto. When the matter was called for trial on the merits he presented to the court the original di-vorce decree and moved to dismiss the petition for adoption upon the ground of lack of jurisdiction. This motion was denied following which both adoptive petitioners testified and the motion to dismiss was then renewed and again denied; whereupon the hearing was continued until January 21, 1949, to enable the father to test the jurisdiction of the trial court by applying for a writ of prohibition to this court. The matter is now before us on this record.

The extraordinary writ of prohibition will lie only where an inferior tribunal is acting without or in excess of its jurisdiction. It would be an idle thing for a court to further proceed with a trial after it has lost jurisdiction. Renck v. Superior Court of Maricopa County, 66 Ariz. 320, 187 P.2d 656; Westerlund v. Croaff, 68 Ariz. 36, 198 P.2d 842, and cases cited therein.

In the instant case no question was raised as to the sufficiency of the petition to state the necessary legal grounds for adoption, for as amended the petition practically followed the wording of the statute. While prior to our issuance of the alternative writ the trial court had heard part of the evidence, yet no crucial finding had been made, as in the Westerlund case, supra, that thereby divested it of jurisdiction. In what respect, then, did the court lack jurisdiction to proceed to a conclusion with the adoption proceedings? It apparently is the petitioner's position that when the court took judicial notice of the divorce

decree which gave to the natural mother the "care, custody and control" of their minor daughter it was ipso facto deprived of jurisdiction to proceed further. His reasoning is that, as a matter of law, the desertion alleged on the part of the natural father which would render his consent unnecessary under the statutory exception could not possibly under these circumstances be found as a fact. Hence, as in the final analysis there could be no valid adoption decree entered the court should, he contends, be prohibited from proceeding further.

The petitioner places great reliance upon the following decisions from the supreme courts of Massachusetts and Georgia. In the case of Zalis v. Ksypka, 315 Mass. 479, 53 N.E.2d 104, 107, under a statute practically identical with ours but upon a different factual situation which we deem it unnecessary to recite, the Massachusetts court stated:

"* * * It seems clear that a parent cannot be said rightly to have wilfully deserted his child while she is in the custody of another with his consent and by a decree of a court of competent jurisdiction, under which he has lost the right to exercise any dominion over her person."

And the Georgia Court in the case of McComas v. Glendinning, 59 Ga.App. 234, 200 S.E. 304, 305, affirmed in Glendinning v. McComas, 188 Ga. 345, 3 S.E.2d 562, which involved an appeal from a ruling upon a demurrer as to the sufficiency of a petition to adopt, said:

"In this case it appears from the petition that the father did not desert his son, but that the care, custody, and control of the son were taken from him by a decree of court. Under the Georgia law such a decree would preclude a prosecution for abandonment in the absence of an actual abandonment and the mother and son would be relegated to their remedies under the decree for the reason that there is no voluntary action when the law takes jurisdiction and fixes the status of the parties. * * *"

Georgia, however, has no statute providing under what circumstances a parent's consent might be dispensed with in an adoption case. Other cases cited by petitioner in support of his contention are: In re Cozza, 163 Cal. 514, 126 P. 161, Ann. Cas.1914A, 214; Manners v. State, 210 Ind. 648, 5 N.E.2d 300 and People v. Dunston, 173 Mich. 368, 138 N.W. 1047, 42 L. R.A.,N.S., 1065. The latter two are criminal cases.

Inasmuch as adoption statutes and cases involving an interpretation thereof from other jurisdictions very frequently use the word "abandonment" rather than "desertion" (the latter term being used in our code), it might be well for us to define these terms which are virtually synonymous. For an excellent definition we quote from McComas v. Glendinning, supra:

"* * * 1 Abbott's Dictionary of Terms and Phrases defines 'abandonment' as the relinquishment, surrender, or disclaimer of one's rights, and says: 'But the surrender of a relation, involving as it does the disclaimer of duties more prominently than that of rights, is better styled desertion,' and defines 'desertion' as 'the abandonment of a relation or service in which one owes duties; the quitting, wilfully and without right, one's duties; the withdrawal, unexcused, from the obligations of some condition or status.' "

We shall not attempt to further analyze or distinguish the authorities relied upon by petitioner, for to do so would unduly extend this opinion. However, they have been carefully considered and weighed and we must concede that to a greater or lesser degree they support petitioner's position. The rationale underlying these decisions seems to be that one cannot desert something which he does not have, that a wilful desertion on the part of a natural parent cannot be found as a fact where a parent has been judicially deprived of the custody of his child.

We believe the premise to be unsound, and it is our opinion that such a conclusion does not conform either with the spirit or letter of the law of this state. Desertion has a far broader meaning than mere physical separation. Welch v. State, 69 Fla. 21, 67 So. 224.

For a better understanding of our problem it might be well for us to consider the nature of the right or interest that a parent has with respect to his child. We quote from 1 Am.Jur., Adoption, sec. 41:

"The right of a parent with respect of his child is not an absolute paramount proprietary right or interest in or to the custody of the infant, but is in the nature of a trust reposed in him, which imposes upon him the reciprocal obligation to maintain, care for, and protect the infant, and the law secures him in this right so long as he shall discharge the correlative duties and obligations, and no longer. The state may provide for forfeiture of the parent's natural rights and for the adoption of a child, without the consent of the parents, where, in accordance with such statutory provisions, circumstances of misconduct exist which so warrant. * * *"

And as to what constitutes abandonment or desertion, it is stated in section 42, ibid:

"Parent Who Has Abandoned Child. * * *

"Abandonment imports any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child. * * * In many states the term 'abandon' as used in statutes relating to adoption, has been construed to mean no more than neglect or refusal to perform the natural and legal obligations of care and support which parents owe to their children. But the view that it means to re-

nounce and forsake entirely has also been taken."

See also 2 C.J.S., Adoption of Children, § 21(2); Parsons v. Parsons, 101 Wis. 76, 77 N.W. 147, 70 Am.St.Rep. 894; Welch v. State, supra; In re Asterbloom's Adoption, 63 Nev. 190, 165 P.2d 157; Wright v. Fitzgibbons, 198 Miss. 471, 21 So.2d 709; In re Potter, 85 Wash. 617, 149 P. 23.

■ The awarding of custody of a minor child to its mother does not relieve the father of all parental duties nor does it deprive him of certain basic parental rights and privileges. As to the former he has the duty to provide proper care and maintenance for his child fixed not only by the divorce decree itself and the criminal code making it a felony to wilfully fail to "furnish necessary food, clothing, shelter or medical attendance", section 43-201, A.C.A. 1939, but also by "the enlightened legal concept of the present day * * * that parentage in and of itself imposes a legal duty of support to minor children." Barrett v. Barrett, 44 Ariz. 509, 39 P.2d 621, 622. Even though the custody be given to the mother, the father has an inherent duty to contribute more than mere temporal necessities; he should be ever alert, where an opportunity presents itself, to guide, protect and shield his offspring. Furthermore, should conditions change so that the parent having legal custody is failing to furnish the child with proper care, as well as providing wholesome and healthful surroundings, it is both his privilege and duty to apply for a modification of the decree. Section 27-811, A.C.A.1939.

What are some of the father's rights and privileges in and to his child yet remaining and not terminated by the decree in cases of this type? The decree itself gives him reasonable visitorial rights, and, as stated, the statute permits him upon changed conditions to petition the court for a modification of the decree. See Pearce v. Harris, Tex.Civ.App., 134 S.W.2d 859 and Grider v. Grider, 182 Tenn. 406, 187 S.W. 2d 613. He has the right of inheritance from the child, section 39-101, A.C.A.1939, and the prerogative, except where forfeited by misconduct, to consent or refuse to consent to its adoption. Section 27-203, A.C. A.1939. What is probably most important of all, if he has by a display of filial affection won the child's love and respect, he has the right to remain secure in the feelings and affections of his child, and, periodically at least, to enjoy its society. These rights may be voluntarily forfeited by inaction, i. e., by his refusal or neglect to avail himself of the privileges that are his due. He loses such parental rights by his own actions and not by any act of the court.

It appears to us that it cannot properly be said that a father, under these circumstances, has nothing which he can abandon, for certainly he does have many duties and priceless rights and privileges remaining to him which he can voluntarily give up or

desert by a failure to discharge the correlative duties and obligations of parenthood.

██ The respondent trial court in denying petitioner's motion to dismiss took the view, which is now urged upon us by counsel, that the statute which reads "deserted *and* neglected to provide" was intended by the legislature to have read "deserted *or* neglected to provide" and that therefore proof of either desertion or failure to provide for the preceding year would be sufficient to sustain an adoption decree. It is a well-established rule that a court may in the interpretation of statutes, where ambiguity exists or the statute can not otherwise be harmonized, give effect to the legislative intent by interchanging the words "or" and "and". 50 Am.Jur., Statutes, section 282. But we believe the intent of the legislature here is so clear and definite that there is no occasion to make such a substitution. We hold it to be the legislative intent that an adoptive petitioner under our law must establish both wilful desertion and neglect to provide. However, we submit that a wilful failure by a father to provide the necessities of life for his child is a most important element in establishing an act of desertion.

█ It would seem that the legislature of this state has amply protected the right of natural parents in adoption matters by requiring the petitioners, in a case such as this, to establish that the non-consenting parent has *wilfully* deserted and neglected

to provide. To this word "wilfully" appearing in section 27-204, supra, we ascribe the meaning commonly given the word, i. e., intentionally or voluntarily. Webster's New International Dictionary, 2d Ed., Unabridged, defines "willful" or "wilful" as "self-determined; voluntary; intentional." Black's Law Dictionary, 3d Ed., defines it through case definitions as "Proceeding from a conscious motion of the will; voluntary." and "Intending the result which actually comes to pass; designed; intentional; not accidental or involuntary."

Contra to the holding of the Massachusetts and Georgia supreme courts, the state of Oregon, which has an adoption statute identical with our own, in the recent case of In re Mayfield, 158 Or. 409, 76 P.2d 984, affirmed an adoption by the maternal grandparents based upon the father's desertion and failure to provide. It swept aside his defense that he was not obligated to support the child while in the custody of the mother under a decree of divorce. The court proceeded upon the premise that the matter of desertion and neglect to provide proper care and maintenance were questions of fact to be determined by the trial court. We agree with both the premise adopted and the conclusion reached by the Oregon court, and approve the following statement from 2 C.J.S., Adoption of Children, § 21(2):

"Question of fact. Abandonment is a question of fact which requires evidence

166

that the parents at some time definitely gave up their parental interests in the child and their duties to it. Whether an abandonment of a child, rendering unnecessary the parent's consent to an adoption, exists is a question of fact, depending largely upon the parent's intention, to be determined on competent evidence after notice to the parent."

■■■■■ We hold that notwithstanding a divorce decree may award custody of a child to one parent, the other parent can be found to have wilfully deserted and neglected to provide proper care and maintenance for the child within the meaning of our adoption statute. The question of whether there has been such desertion and neglect of the child sought to be adopted is one of fact for the determination of the trial court. To hold otherwise would permit the wholesome purpose of our adoption statutes to be defeated, precluding the adoption in many cases even though the misconduct or attitude of a defaulting parent might well evidence a settled purpose to completely forego parental rights and duties. A person should not be permitted to take advantage of his own wrong. We have refrained from any comment on the evidence as the sufficiency thereof is not an issue in this proceeding, and for the further reason that the hearing has not yet been completed.

Inasmuch as the respondent court was acting wholly within its jurisdiction, the alternative writ of prohibition heretofore issued should be quashed and it is so ordered.

LaPRADE, C. J., and STANFORD, PHELPS, and DE CONCINI, JJ., concurring.