**In re Rhonda K. MITCHELL, Debtor.**

**Douglas F. Mann, Trustee, Plaintiff,**

v.

**Rhonda K. Mitchell and Shaun M. Kotlewsky, Defendants.**

**Bankruptcy No. 08–27243–JES. Adversary No. 09–2004.**

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 30, 2009.

---

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

### *PRELIMINARY STATEMENT*

The facts in this controversy are not in dispute. The issue presented is whether the spendthrift provision in The Lois L. Mitchell Trust is valid.

Sec. 541(c)(2) of the Bankruptcy Code recognizes that spendthrift provisions are valid to the extent they are enforceable under nonbankruptcy law and that a debtor's beneficial interest acquired from a trust containing a valid spendthrift provision is not property of the bankruptcy estate. On the other hand, if the court concludes that the spendthrift provision in the trust is invalid, then such beneficial interest obtained by the debtor from the trust is property of the bankruptcy estate, subject only to the debtor's exemption rights. The applicable nonbankruptcy law in this case is the law of the State of Arizona.

This matter has been presented to the court upon a summary judgment motion filed by the plaintiff and a motion to dismiss filed by the defendants.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

### *FACTS*

Lois L. Mitchell ("testator" or "settlor") resided in Sun City West, Arizona. She was the mother of the debtor and Shaun M. Kotlewsky. On November 16, 2005, the testator executed her last will and testament and also created a trust known as The Lois L. Mitchell Trust. Under the terms of her will, upon her death all of the property which the testator owned would be transferred to the trust. Ms. Kotlewsky, was designated as the trustee. The debtor and Ms. Kotlewsky are the sole beneficiaries under the terms of the trust.[1]

The testator provided in the Fourth Article of her trust the following:

> Section 2: After division of the trust into shares the child may withdraw the balance from the principal of his or her share any time or times. The Trustee shall make payment without question upon the child's written request. The right of withdrawal shall be a privilege which may be exercised only voluntarily and shall not include an involuntary exercise.

A spendthrift provision is contained in the Fifth Article of the trust and reads as follows:

> Section 3: The interests of the beneficiaries in principal or income shall not be subject to claims of any creditor, any spouse for alimony or support or others, or to a legal process, and may not be voluntarily or involuntarily alienated or encumbered. This provision shall not limit the exercise of any power of appointment.

---

1. None of the briefs disclosed the nature or the value of the debtor's beneficial interest in the trust property. It appears that the total value of the debtor's beneficial interest is in the range of $75,000 to $100,000 based upon information related to the court during the course of pretrial proceedings. The value is not material to the court's determination of this dispute and is noted only for informational purposes.

Although the trust was subsequently amended on November 1, 2007, Section 2 of the Fourth Article and Section 3 of the Fifth Article remain unchanged in the amended trust.

On March 16, 2008, the testator died. In accordance with the provisions of her will, all of her property was then transferred to her trust.

On July 2, 2008, the debtor filed a chapter 7 petition in bankruptcy. In Schedule "B" of her bankruptcy petition, she described her beneficial interest in this trust as follows:

> Debtor is a beneficiary in the Lois L. Mitchell Trust. Trust has a spend thrift clause and is not reachable by the bankruptcy estate.

On October 31, 2008, Douglas F. Mann, the chapter 7 trustee ("chapter 7 trustee"), made a written demand upon Ms. Kotlewsky, as trustee of The Lois L. Mitchell Trust, to turn over the debtor's beneficial interest in the trust corpus. After Ms. Kotlewsky declined to comply with this demand, the chapter 7 trustee commenced this adversary proceeding on January 6, 2009.

Before the court can assess whether a spendthrift provision is valid, it must first decide which statute applies. The chapter 7 trustee contends that the Arizona Trust Code, which became effective on January 1, 2009, applies. He further asserts that, under the Arizona Trust Code, the spendthrift provision is invalid. The chapter 7 trustee also argues that, even if the Arizona Trust Code did not apply, under the prior law ("1990 Trust Statute"), the spendthrift provision is still invalid.

The defendants take exactly the opposite position. They contend that the 1990 Trust Statute is determinative as to whether the spendthrift provision is valid. They further assert that, even if the court adopted and applied the Arizona Trust Code, the result is the same and the spendthrift trust provision is valid.

The wording in the Arizona Trust Code and the wording in the 1990 Trust Statute differ and have a direct impact upon the ultimate determination to be reached by the court as to whether the spendthrift provision is valid.

Sec. 14–10103 of the Arizona Trust Code provides a definition of a "spendthrift provision," which reads as follows:

> 17. "Spendthrift provision" means a term of a trust that restrains both voluntary and involuntary transfer of a beneficiary's interest.

There is, however, no definition of a spendthrift provision in the 1990 Trust Statute.

Sec. 14–10502 of the Arizona Trust Code dealing with the requirements for validity of a spendthrift provision states:

> 14–10502. Spendthrift provision.
>
> A. A spendthrift provision is valid only if it restrains either voluntary or involuntary transfer of a beneficiary's interest.
>
> B. A term of a trust providing that the interest of a beneficiary is held subject to a spendthrift trust, or words of similar import, is sufficient to restrain both voluntary and involuntary transfer of the beneficiary's interest.
>
> C. A beneficiary may not transfer an interest in a trust in violation of a valid spendthrift provision and, except as otherwise provided in this article, a creditor or assignee of the beneficiary may not attach, garnish, execute on or otherwise reach the interest or a distribution by the trustee before its receipt by the beneficiary.

Sections 14–7701, 14–7702, and 14–7704 of the 1990 Trust Statute, which are the sections comparable to Sec. 14–10502 of

the Arizona Trust Code on the validity of a spendthrift provision, read as follows:

14–7701. Restraint on transfer of income.

A. Except as provided in this article, if a trust instrument provides that a beneficiary's interest in income is not subject to voluntary or involuntary transfer, the beneficiary's interest in income under the trust shall not be transferred and is not subject to enforcement of a money judgment until paid to the beneficiary.

14–7702. Restrain on transfer of principal.

A. Except as provided in this article, if the trust instrument provides that a beneficiary's interest in principal is not subject to voluntary or involuntary transfer, the beneficiary's interest in principal shall not be transferred and is not subject to enforcement of a money judgment until paid to the beneficiary.

14–7704. Transferee or creditor of beneficiary; power to compel trustee to pay; liability of trustee to creditor.

A. If a trust instrument allows the trustee to exercise discretion in the use of income or principal, a transferee or creditor of the beneficiary may not compel the trustee to pay an amount that may be paid only in the exercise of his discretion.

### ANALYSIS

#### Which Law Applies—The Arizona Trust Code or the 1990 Statutes?

The defendants maintain that it would be unfair to apply the Arizona Trust Code because The Lois L. Mitchell Trust and its amendment were both executed by the settlor before the Arizona Trust Code was enacted. The defendants further state that, because the settlor died before the Arizona Trust Code was enacted, she was deprived of the opportunity to make any revision in her trust.

█ The chapter 7 trustee counters by arguing that Section 18 of 46–456 of the Arizona Trust Code clearly provides for the application of the Arizona Trust Code under the facts of this case. Section 18 states:

Sec. 18. Application to existing relationships.

A. Except as otherwise provided in this act, beginning on January 1, 2009:

1. This act applies to all trusts created before, on or after January 1, 2009.

2. This act applies to all judicial proceedings concerning trusts commenced on or after January 1, 2009.

3. This act applies to judicial proceedings concerning trusts commenced before January 1, 2009, unless the court finds that application of a particular provision of this act would substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties, in which case the particular provision of this act does not apply and the superseded law applies.

4. Any rule of construction or presumption provided in this act applies to trust instruments executed before January 1, 2009, unless there is a clear indication of a contrary intent in the terms of the trust.

5. An act done before January 1, 2009 is not affected by this act.

Sec. 18(A)(2) applies in this case because this adversary proceeding was commenced after January 1, 2009. The court is satisfied that an adversary proceeding is a "judicial proceeding" within the meaning of Sec. 18(A)(2). 10 *Collier on Bankruptcy* ¶ 7001.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.) states:

Adversary proceedings are separate lawsuits within the context of a particu-

lar bankruptcy case and have all the attributes of a lawsuit.

*See also In re James,* 300 B.R. 890, 896–97 (Bankr.W.D.Tex.2003), which held that an adversary proceeding is a separate judicial proceeding which is distinct from the collective proceeding referred to in the bankruptcy parlance as the "case" or "based case." *See also In re KZK Livestock Inc.,* 221 B.R. 471, 475 (Bankr.C.D.Ill.1998), where the court declared:

> Each adversary proceeding, while perhaps not a "different case" as that term is used in the bankruptcy parlance, is a separate and distinct proceeding.

*See also Figueroa v. Wells Fargo Bank NA,* 382 B.R. 814 (S.D.Fla.2007), where the district court stated that adversary proceedings are viewed as "stand alone lawsuits."

█ In response to the defendants' contention that invoking the Arizona Trust Code would be unfair, the only exception which is based upon prejudice is contained in Sec. 18(A)(3) of the Arizona Trust Code with respect to judicial proceedings commenced before January 1, 2009. However, Sec. 18(A)(3) does not apply because this adversary proceeding was commenced after January 1, 2009, and there is no reference to prejudice in Sec. 18(A)(2), which is the applicable provision. Had the drafters of the Arizona Trust Code intended that result in Sec. 18(A)(2), as they did in Sec. 18(A)(3), they could have easily so provided.

█ The defendants also submit that this court must decide whether the spendthrift provision is valid as of the date this bankruptcy petition was filed, citing § 541(a)(1) of the Bankruptcy Code. Sec. 541(a)(1) states that (with certain exceptions not applicable in this case) the debtor's bankruptcy estate is comprised of all legal or equitable interests in property as of the commencement of the case. Howev-er, a debtor's property interests are created and defined by state law. *Butner v. U.S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Sec. 541(a) does not determine what interest a debtor has. It only states that whatever interest a debtor holds on the date of commencement of the case is property of the bankruptcy estate. The nature and extent of the debtor's interest is determined by state law. In *Matter of Yonikus,* 996 F.2d 866, 869 (7th Cir.1993), the Seventh Circuit declared:

> The question whether an interest claimed by the debtor is "property of the estate" is a federal question to be decided by federal law; however, courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interest in property as of the commencement of the case (citing *Butner v. U.S.,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)).

*See also In re LandAmerica Financial Group, Inc.,* 412 B.R. 800, 811 (Bankr. E.D.Va.2009) ("While federal law creates the bankruptcy estate, state law defines the scope and existence of the debtor's interest in property," citing *Raleigh v. Ill. Dept. of Revenue,* 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000)). Where a statute is intended to have retroactive effect, it is permissible if the legislature expressly declares such intent in the statute. *Cheney v. Arizona Superior Court for Maricopa County,* 698 P.2d 691, 144 Ariz. 446 (1985). The Arizona Trust Code in Sec. 18(A)(1) has done so by expressly declaring that: "This act applies to all trusts created before, on or after January 1, 2009."

The court concludes that it is the Arizona Trust Code, not the 1990 Trust Statute, which determines the validity or inval-

idity of the spendthrift trust provision in The Lois L. Mitchell Trust.

### Is the Spendthrift Provision Valid?

At first blush, it appears that there are inconsistencies within the Arizona Trust Code itself. The definition of a spendthrift provision contained in paragraph 17 of Sec. 14–10103 states that such provision must restrain *both* voluntary and involuntary transfers of a beneficiary's interest. However, Sec. 14–10502(A) of the Arizona Trust Code declares that such a spendthrift provision is valid "only if it restrains *either* voluntary *or* involuntary transfers of a beneficiary's interest." (emphasis added) The question is whether these two provisions can be read in harmony.

*Atchison v. City of Englewood,* 193 Colo. 367, 568 P.2d 13, 18 (1977), states:

> In some usages, the word "or" creates a multiple rather than an alternative obligation. Where necessary in interpreting an instrument, "or" may be construed to mean "and."

Arizona addressed this issue in *Shumway v. Farley,* 68 Ariz. 159, 203 P.2d 507 (1949), and declared that, in interpreting statutes where ambiguity exists or where a statute cannot otherwise be harmonized, a court may give effect to legislative intent by interchanging the words "or" and "and."

■ In this case, the Arizona Trust Code enactment of a provision specifically defining a spendthrift provision for the first time in Sec. 14–10103 is a clear pronouncement that the legislature intended that the spendthrift provision is only valid if it restrains both a voluntary and an involuntary transfer of a beneficiary's interest. That is consistent with Sec. 14–10106 of the Arizona Trust Code which, in part (B) of Sec. 14–10106, states that: "The court shall look to the restatement (second) of trusts for the interpretation of the common law." Sec. 153(2) of the Restatement (Second) of Trusts recites:

> If the beneficiary is entitled to have the principal conveyed to him immediately, a restraint on the voluntary or involuntary transfer of his interest in the principal is invalid.

This language is precise. It means that, where a beneficiary is entitled to immediate payment of principal upon demand, a restraint on a transfer of principal—whether such transfer is voluntary or involuntary—invalidates the entire spendthrift provision. The Restatement (Second) of Trust's comment on Sec. 153(2) explains:

> C. *Where a beneficiary entitled to immediate payment of the principal.* If a beneficiary is entitled to have the principal paid or conveyed to him immediately or at any time he may call for it, a restraint on alienation of his interest is invalid.

This comment on Sec. 153(2) by using the words "restraint on alienation" makes it clear that, where a beneficiary is entitled to immediate payment of principal, a restraint on a voluntary transfer, a restraint on an involuntary transfer, and a restraint on both a voluntary and involuntary transfer are all invalid.

Arizona case law on the subject of validity of a spendthrift provision supports the chapter 7 trustee's position. In *In re Kaplan,* 97 B.R. 572 (9th Cir. BAP 1989), the court declared that the primary concern in determining whether a spendthrift provision is valid is the beneficiary's degree of control over such trust. *Kaplan* declared that Arizona adopts the common law, and in the absence of contrary authority, Arizona courts will look to the Restatement of the Law for the appropriate rule. *Id.* at 577. *Kaplan* was decided before both the 1990 Trust Statute and the Arizona Trust Code were enacted. *In re Pugh,* 274 B.R. 883 (Bankr.D.Ariz.2002), decided after the

1990 Trust Statute was enacted but before the enactment of the Arizona Trust Code, endorsed *Kaplan* and stated that nothing in the 1990 Trust Statute indicates any intention to deviate from the common law. The Arizona Trust Code was subsequently enacted and went one step further by specifically enacting a provision which recited that a court shall look to the Restatement (Second) of Trusts to interpret the common law.

 In this case, Section 2 of the Fourth Article of The Lois L. Mitchell Trust gave the debtor the absolute right to immediate payment of principal without any restrictions. By doing so, it invalidated the spendthrift provision in Sec. 3 of the Fifth Article of The Lois L. Mitchell Trust.

## CONCLUSION

The court concludes that the spendthrift provision in The Lois L. Mitchell Trust is invalid. The beneficial interest of the debtor's trust is property of the bankruptcy estate, pursuant to § 541 of the Bankruptcy Code. Shaun M. Kotlewsky, as trustee of The Lois L. Mitchell Trust, is ordered to turn over the beneficial interest held by the debtor to Douglas F. Mann, chapter 7 trustee.

The foregoing constitutes this court's findings of fact and conclusions of law under Fed. R. Bankr.P. 7052.

A separate order shall be issued.