350 P.2d 125

### In the Matter of the ADOPTION OF Tony Allen WEST, a Minor.

No. 7021.

Supreme Court of Arizona.

March 10, 1960.

Francis J. Brown, Phoenix, for petitioner.

Klass & Welliever, Phoenix, for Mearl F. West and Francis J. Donofrio, Presiding Judge of Maricopa County Juvenile Court.

JOHNSON, Justice.

This is an original proceeding for a writ of prohibition requested by petitioner Anell Carter seeking to prevent the Honorable Francis J. Donofrio and the Honorable Lorna E. Lockwood, judges of the Superior Court of Maricopa County from exercising any jurisdiction in the matter of the adoption of Tony Allen West, a minor child.

236

The petition for the writ of prohibition filed reads as follows:

"In the Matter of the Adoption of Tony Allen West, A Minor.

Petition for Application of Writ of Prohibition against Superior Court of Maricopa County Acting Without Jurisdiction

"I. That heretofore Anell Carter, petitioner in Cause No. 5676, for an adoption of said minor child, namely, Tony Allen West

"II. That pursuant thereto said petitioner caused to be served service as required by the Arizona statutes.

"III. That after a hearing on said petition Judge Lorna E. Lockwood, Division 5, of the Superior Court, did enter an order dismissing said petition, and did further enter an order directing that said child should be turned over to Mearl F. West, the natural father and the respondent in said action.

"IV. That pending the time of the entering of the order a writ of habeas corpus has been entered, a notice of appeal has been filed, a bond on appeal has been filed, said bond being a supersedeas bond, as set forth in and by virtue of Section 62(d), Rules of Civil Procedure [16 A.R.S.], Arizona Superior Court, and as substantiated by the following case law: [37 Ariz. 322], 294 P. 837, Gotthelf v. Fickett, as set forth therein.

"V. That this petitioner has no speedy or adequate remedy at law or otherwise to stop Judge Lorna E. Lockwood, Judge Francis Donofrio, or any other Judge in the State of Arizona of whom Mr. Robert Welliever may feel free to call upon to enter an additional or supplemental order to the order already entered in this case.

"Wherefore, petitioner prays that this court enter a writ of prohibition, commanding the Superior Court of the State of Arizona, consisting of Francis Donofrio, Lorna E. Lockwood, or any and all other judges, to cease and desist from entering any further proceedings in said action, pending further order of this court."

The petition did not make the Superior Court of Maricopa County or any of the judges thereof parties to the action as respondents, nor were either of the judges mentioned in the petition served with notice of the application for a writ of prohibition. Counsel representing the natural father of the minor child in the trial court, did appear at the time of the informal hearing, which resulted in the issuance of an alternative writ of prohibition. Counsel representing the natural father and the Maricopa County Juvenile Court thereafter filed a response to the petition for a writ of prohibition contending among other defenses that there is a want of sufficient facts alleged in

the petition to warrant the relief sought or vest jurisdiction in this court.

■ It is fundamental that the extraordinary writ of prohibition will lie only where an inferior tribunal is acting without or in excess of its jurisdiction. Shumway v. Farley, 68 Ariz. 159, 203 P.2d 507.

■ The facts set forth in the petition for the writ of prohibition furnish the foundation upon which jurisdiction depends. From the petition it must appear, by clear and distinct allegations, in what respect the inferior tribunal is acting without or in excess of its jurisdiction. 73 C.J.S. Prohibition § 26; 42 Am.Jur., Prohibition, Section 42.

In passing upon the sufficiency of a petition for a writ of prohibition we said in Loftus v. Russell, 69 Ariz. 245, 212 P.2d 91, 95:

"* * * If the facts pleaded fail to show a cause cognizable for the application of the extraordinary remedy of prohibition, the writ should not issue and a want of sufficient facts would not be cured by an allegation of no adequate remedy at law."

■ The petition upon which the alternative writ was issued falls far short of being sufficient in alleging that the Superior Court of Maricopa Division 5, or Honorable Lorna E. Lockwood, the presiding judge thereof, acted without or in excess of its jurisdiction. The only allegation is that said presiding judge dismissed a petition for the adoption of Tony Allen West, a minor, and entered an order directing that said child should be turned over to its natural father. While the trial court may have erroneously dismissed the petition for adoption, (a question which we do not decide) such order is not reviewable by prohibition, as the parties have an adequate remedy by appeal.

There are insufficient facts alleged in the petition showing that the trial court exceeded its jurisdiction in awarding the custody of the minor child to the natural father after the adoption proceedings were dismissed.

■ The order dismissing the petition for adoption and placing custody of the minor child with its natural father was entered by the trial court on the 23rd day of November, 1959 and on January 7, 1960, petitioner filed a *purported* supersedeas bond, for the apparent purpose of staying the order of the court.

We held in Gotthelf v. Fickett, 37 Ariz. 413, 294 P. 837, that whenever a supersedeas bond is given, this by statute destroys the right of the court to make any further order whatever in the proceedings superseded. It is clear from the record in the instant case that Judge Lockwood did not enter any further or other orders in the adoption proceedings after the order of dismissal on the 23rd day of November, 1959.

238

The petitioner completely failed to comply with the provisions of Rule 73(*l*), Rules of Civil Procedure, which sets forth the conditions to be contained in a supersedeas bond. Instead the petitioner filed a criminal appeal bond in the amount of $1,000, which states one Anell Carter has been admitted bail and promises to submit herself in execution of judgment or sentence if the appeal is affirmed and upon failure will pay to the State of Arizona the above amount. This, of course, does not constitute a supersedeas bond and should not have been approved by trial court.

The petition set forth above, does not contain any allegation showing that the Honorable Francis J. Donofrio, one of the judges of the Superior Court of Maricopa County, in any manner acted without or in excess of his jurisdiction in the instant action.

Inasmuch as the petition utterly fails to state sufficient facts to entitle petitioner to an alternative writ and that on the contrary it appearing that the Superior Court of Maricopa County, Honorable Lorna Lockwood, presiding, was acting wholly within its jurisdiction, the alternative writ of prohibition heretofore improvidently issued should be quashed and it is so ordered.

STRUCKMEYER, C. J., and PHELPS, UDALL and BERNSTEIN, JJ., concur.