394 P.2d 211

**Manuel MARTIN, Petitioner,**

v.

**SUPERIOR COURT, George M. Sterling, Judge (Maricopa County), Charles N. Ronan, County Attorney, Ida Westfall, Justice of the Peace of East Phoenix Precinct, Respondents.**

No. 8388.

Supreme Court of Arizona.

En Banc.

July 15, 1964.

Rehearing Denied Sept. 22, 1964.

Peterson, Estrada, Matz & Machmer, Phoenix, for petitioner.

Charles N. Ronan, Maricopa County Atty., Richard A. Johnson, Deputy County Atty., for respondents.

UDALL, Chief Justice.

The petitioner, Manuel Martin, hereinafter referred to as defendant, has applied to this court for a writ of prohibition on the grounds that the superior court lacks jurisdiction because defendant was denied his right to a full and complete preliminary hearing before the justice of the peace, as is provided by Rules 24 and 26 of the Rules of Criminal Procedure, 17 A.R.S., and Article 2, Section 30 of the Constitution of the State of Arizona, A.R.S.

It is contended by the petitioner that he was arbitrarily and capriciously denied the right to fully question his own witnesses, that his counsel's cross-examination of the State's witnesses was cut short and he was not permitted to develop fully their testimony under cross-examination; and that he was not permitted to make any unsworn statement on his own behalf.

A writ of prohibition lies where an inferior tribunal has exceeded its jurisdiction. In re West's Adoption, 87 Ariz. 234, 350 P.2d 125. Therefore, the question is whether the trial court has jurisdiction to proceed with the prosecution in the face of

Art. 2, § 30 of the Arizona Constitution. That section reads as follows:

"No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having *had* a preliminary examination before a magistrate or having waived such preliminary examination." (Emphasis supplied.)

We note in this case that the defendant *had* a preliminary examination and his complaint is that the examination was not adequate. Where defendant contends there has been an inadequate examination the matter should be presented to the trial court. The defendant should be accorded full opportunity to prove his contention in a hearing and, if the trial court rules adversely to the defendant, the defendant may appeal such ruling. State v. Graninger, 96 Ariz. 172, 393 P.2d 266 (1964); State v. Smith, 62 Ariz. 145, 155 P.2d 622.

What we have then is a question of an interpretation of the scope of the preliminary examination reviewable by this court on appeal. Under such circumstances we cannot say that the trial court was without jurisdiction to rule on the motion to quash because of the insufficiency of the preliminary hearing, and the writ must therefore be denied.

Writ denied.

LOCKWOOD, V. C. J., and STRUCKMEYER, BERNSTEIN and JENNINGS, JJ., concur.