489 P.2d 68

Dorothy Marie BOWLIN, Petitioner,

v.

Lawrence H. DOYLE, Jr., a Commissioner of the Superior Court of the State of Arizona, and Barney Houston Bowlin, Respondents.

No. I CA–CIV 1769.

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 5, 1971.

Rehearing Denied Oct. 21, 1971.

Review Denied Nov. 23, 1971.

Cavness, DeRose, Senner & Rood, by Jack C. Cavness, and John W. Rood, Phoenix, for petitioner.

Johnson & Shaw by Marvin Johnson, Phoenix, for respondents.

STEVENS, Presiding Judge.

This Court assumed jurisdiction in the above-entitled special action and limits its consideration to the question of the jurisdiction of the respondent court commissioner, The Honorable Lawrence H. Doyle, Jr.

The petitioner herein, Dorothy Marie Bowlin, herein referred to as the wife, and the respondent real party in interest, Barney Houston Bowlin, herein referred to as the husband, were married on 15 Novem-

ber 1945. On 20 January 1966 the wife filed a complaint for divorce in the Maricopa County Superior Court which cause was assigned that court's number D–88743. On 28 July 1966 a formal written default decree of divorce executed by the respondent court commissioner was filed. The decree was in favor of the wife. The decree adjudicated certain rights of the parties including certain monies to be paid by the husband to the wife. We expressly refrain from expressing an opinion as to whether the monies so directed to be paid were in law, in whole or in part, alimony.

On 6 April 1971 the husband filed a petition wherein he sought to secure an interpretation or modification of the decree and an amendment of its terms to the end that any monetary obligations on his part to the wife would be terminated. This was not an A.R.S. § 25–321 petition to modify alimony payments based upon claimed changes of conditions and circumstances. We hold that the proceeding so entertained by the respondent court commissioner was a proceeding pursuant to Rule 60(c) of the Arizona Rules of Civil Procedure, 16 A.R. S., and more particularly that portion of the Rule which authorizes a party to be relieved " * * * from a final judgment * * * for * * * (6) any other reason justifying relief from the operation of the judgment."

By minute entry order entered on 15 July 1971 the respondent court commissioner granted the relief which the husband had requested. The wife promptly proceeded by special action in this Court urging, among other matters, that there was an absence of jurisdiction in the respondent court commissioner.

Rule 46(a) of the Rules of the Arizona Supreme Court, 17 A.R.S., relates to the powers of court commissioners. Subparagraph 7 of that Rule reserves to superior court judges the power to entertain Rule 60(c) matters. We hold that the respondent court commissioner was without jurisdiction to entertain the petition which is the subject of this opinion. We hold that the order of 15 July 1971 and any formal written orders which may have been entered pursuant thereto are void.

We expressly refrain from expressing an opinion as to the merits of the controversy between the wife and the husband.

The issuance of the mandate in connection with this opinion will constitute an order vacating the 15 July 1971 order of the respondent court commissioner in Maricopa County Superior Court cause number D–88743, as well as any and all subsequent written orders based thereon.

CASE and DONOFRIO, JJ., concur.