499 P.2d 715

Edwin D. GREEN, Commissioner of the Superior Court of the State of Arizona in and for the County of Maricopa, and Continental Bank, an Arizona corporation, Petitioners,

v.

Howard F. THOMPSON, Judge, Superior Court of the State of Arizona in and for the County of Maricopa, et al., Respondents.

No. I CA–CIV 2026.

Court of Appeals of Arizona, Division 1, Department B.

July 25, 1972.

Murphy, Posner & Franks by James E. McDougall, Phoenix, for petitioners.

Lovell B. Lieurance, Phoenix, for respondents.

HAIRE, Chief Judge, Division 1.

The question raised in this special action is whether a superior court judge has jurisdiction to entertain a special action in the nature of a writ of prohibition against a superior court commissioner.

On May 5, 1972, Maricopa County Superior Court Commissioner Edwin D. Green signed and approved judgments discharging a garnishee and orders allowing attorney's fees, allegedly pursuant to exercise of jurisdiction conferred upon him by the provisions of Rules 46(a) 3 and 46(a) 6, Rules of the Supreme Court, 17 A.R.S. The respondent real party in interest challenged the commissioner's authority to hear and determine the matter of contested attorney's fees. Commissioner Green was served with a special action complaint seeking an order from the Maricopa County Superior Court prohibiting him from awarding such attorney's fees. A special action was subsequently filed in this Court by the commissioner and the other respondent in the superior court special action, claiming that a *superior court judge* cannot review the actions of a *superior court commissioner* by means of a special action, even though it might be claimed that the commissioner was threatening to act in excess of his jurisdiction.

In the special action proceeding in this Court we are not concerned with the merits of whether the commissioner has jurisdic-

tion to award attorney's fees in a garnishment proceeding. The sole issue for this Court is the jurisdiction of a superior court judge to issue a writ of prohibition against a superior court commissioner.

Although the extraordinary writs of certiorari, mandamus and prohibition are now all labeled simply "special actions" under the recent rules of procedure for special actions, it is still necessary to examine the precise nature of the remedy sought in order to determine whether or not the purported action is proper. In the present case, the respondents take the position that a superior court judge may, by special action, prohibit a proceeding in which a superior court commissioner threatens to exceed his jurisdiction.

■ Traditionally, prohibition lies to prevent an *inferior* court or tribunal from acting without or in excess of its jurisdiction. In re West's Adoption, 87 Ariz. 234, 350 P.2d 125 (1960); Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764 (1958); Martin v. Superior Court, 96 Ariz. 282, 394 P.2d 211 (1964); Peterson v. Jacobson, 2 Ariz.App. 593, 411 P.2d 31 (1966). Thus the essential question here is not whether a superior court commissioner has a more limited jurisdiction than a superior court judge, but rather whether the commissioner sits in a *"court"* or *"tribunal"* which is *inferior* to the superior court, as those terms are used in the law governing the extraordinary remedy of prohibition, and within the Arizona constitutional and statutory scheme establishing the relationship between superior court judges and superior court commissioners.

The nature of that relationship is found in several constitutional and statutory provisions. Article 6, § 1 of the Arizona constitution, A.R.S., vests the judicial power in:

" . . . an integrated judicial department consisting of a Supreme Court, such intermediate appellate courts as may be provided by law, a superior court, such courts inferior to the superior court as

may be provided by law, and justice courts."

Court commissioners are provided for in Article 6, § 24:

" . . . Judges of the superior court may appoint court commissioners, masters and referees in their respective counties, who shall have such powers and perform such duties as may be provided by law or by rule of the Supreme Court. Court commissioners, masters and referees shall receive such compensation as may be provided by the law."

A.R.S. § 12–213 further provides for the appointment of court commissioners:

"A. In counties having three or more superior court judges, the presiding judge may appoint court commissioners to serve at his pleasure who shall have such powers and duties as shall be provided by rule of the supreme court, save and except such commissioners are expressly prohibited, except in default hearings, from making any ex parte orders which would deprive any person or persons from custody of their child or children, or change of counsel of attorneys, or deprive any person of their liberty, or deprive any person or entity from their property or the use thereof, or any injunctive relief.

"B. Commissioners appointed under subsection A of this section shall receive an annual salary not to exceed sixteen thousand dollars as shall be fixed by the presiding judge, which shall be a county charge. No one shall be appointed commissioner who is not a duly licensed member of the state bar of Arizona and has engaged in active general practice of the law for a period of not less than three years next preceding his appointment."

From these provisions it is clear that the superior court judge appoints the commissioner and fixes his salary within the statutory maximum, but that the commissioner's powers and duties emanate not from the superior court, but from the rules of the supreme court. These powers and duties

**589**

are enumerated in Rule 46, Rules of the Supreme Court, 17 A.R.S.[1]

Three observations from Rule 46(a) help clarify the role of the superior court commissioner. *First*, within the jurisdiction of the superior court there is a limited area in which the commissioner has authority to act. In general, the commissioner has authority over uncontested matters. *Second,* within the scope of his authority, the commissioner's acts have the same force and effect as if done by a superior court judge. *Third,* any motion made under Rule 55(c) or 60(c) of the Rules of Civil Procedure, 16 A.R.S., relating to an order or decree issued by a commissioner, must be heard by a superior court judge rather than a commissioner.

In the note to Rule 46, the supreme court further emphasizes the role of the commissioner:

"It is the intention of the Supreme Court that court commissioners shall hereafter, as the court commissioner in Maricopa County has been doing since April 18, 1961, function within the scope

1. Rule 46(a) reads as follows:

"46(a) Powers of commissioner; hearings and determinations; orders; contempt in presence of commissioner. Each court commissioner shall, except as otherwise provided by this Rule, have the power to:

"1. Hear and determine any matter in which each party sought to be adversely affected thereby (a) has had his default entered, or (b) has given his consent in writing, individually or by his attorney, to the commissioner's hearing and determining such matter, or (c) has, in a proceeding arising under Chapter 3, Title 25, Arizona Revised Statutes (entitled 'Dissolution of Marriage'), filed a written waiver of further time to appear, notice of trial setting and entry of judgment.

"2. Hear and determine in a proceeding arising under Chapter 3, Title 25, Arizona Revised Statutes (entitled 'Dissolution of Marriage'), any matter, pendente lite, not otherwise included in 1, above.

"3. Hear and determine any matter arising under Sections 12–1581, 12–1583 or 12–1594 of the Arizona Revised Statutes, and grant and, when otherwise required, sign (a) an order or judgment under Sections 12–1584, 12–1585, 12–1586 or 12–1588 thereof, provided that the facts in support of such order or judgment appear uncontroverted from the pleadings, (b) an order quashing a writ of garnishment on application of the party at whose instance the writ was issued, or (c) an appropriate order ancillary to any of the foregoing, arising under Article 4, Chapter 9, Title 12, Arizona Revised Statutes (entitled 'Garnishment').

"4. Hear and determine, when so assigned by the presiding judge of the Superior Court, any matter arising under Article 10, Chapter 9, Title 12, Arizona Revised Statutes (entitled 'Uniform Enforcement of Support Act'), other than a trial on the merits leading to final judgment.

"5. Hear and determine, when so assigned by the presiding judge of the Superior Court, any uncontested matter arising under Title 14, Arizona Revised Statutes (entitled 'Decedents' Estates and Fiduciary Relations').

"6. Grant and, when otherwise required, sign an order, judgment or decree on written stipulation as to its terms or arising out of any matter heard and determined as herein provided; *and such order, judgment or decree shall, upon its entry in accordance with the Rules of Civil Procedure, have the same force and effect for all purposes as if such order, judgment or decree had been granted or signed by a judge of the Superior Court.*

"7. Hear and determine any motion or application relating to an order, judgment or decree granted or signed by a commissioner, and made subsequent to the entry thereof, except that an application or motion made under Rules 55(c) or 60 (c) of the Rules of Civil Procedure shall be heard and determined by the presiding judge of the Superior Court or by such other judge as the presiding judge may designate.

"8. Issue an order to show cause under Rule 6(d) of the Rules of Civil Procedure.

"9. Issue an order requiring any person or persons to show cause, before the presiding judge of the Superior Court or such other judge as the presiding judge may designate, why he or they should not be adjudged in contempt of court.

"10. Adjudicate a person in contempt of court for a direct contempt committed in his presence, and impose a fine or imprisonment therefor.

"11. Exercise such other judicial powers of a judge of the Superior Court as may be necessary to effectuate the above enumerated powers." (Emphasis added).

of their authority in the same manner as do judges of the Superior Court, and that the effect of an order, judgment or decree entered by a court commissioner shall be precisely the same as if the same order, judgment or decree had been entered by a judge of the Superior Court."

■ In summary, although the superior court commissioner is appointed by a superior court judge, his power to act stems from the constitution and the rules of the supreme court. The scope of the authority of the commissioner is a limited area within the jurisdiction of the superior court. The commissioner's jurisdiction is narrower than that of a regular superior court judge, but within the confines of that authority, he acts as a superior court judge.

There are surprisingly few cases defining "inferior court or tribunal" as that term is used regarding the prohibition remedy. However, in People ex rel. Filken v. Flessner, 48 Ill.2d 54, 268 N.E.2d 376 (1971), the Illinois Supreme Court was faced with a question of whether or not a circuit court judge could issue a writ of mandamus or prohibition against a magistrate. That case is directly in point because the relationship between the circuit court judge and the magistrate[2] in Illinois parallels the relationship between the superior court judge and the commissioner in Arizona. The circuit court is the trial court of general jurisdiction in Illinois. Illinois Constitution, Art. 6, § 9 (1962). Magistrates of the circuit court are appointed by and serve at the pleasure of circuit court judges. Illinois Constitution, Art. 6, § 12 (1962). The scope of the magistrate's authority is defined by law and is a limited area within the jurisdiction of the circuit court. Illinois Constitution, Art. 6, § 8 (1962); Law of August 9, 1963, §§ 1–9 [1963] Ill. Laws 73rd Gen.Ass. 2646 (Repealed 1971). In Filken, the Illinois Supreme Court held that a circuit court judge could not issue a writ of prohibition against the magistrate.

"*Mandamus* and prohibition are writs directed to 'inferior courts'. [Citations omitted]. Our constitution declares (art. VI, § 8): 'There shall be one circuit court for each judicial circuit which shall have such number of circuit and associate judges and magistrates as may be prescribed by law * * *.' Thus, the circuit judge and the magistrate were members of the same court and the magistrate could not be commanded by any writ of *mandamus* or prohibition which might have been issued by the circuit judge." 268 N.E.2d at 378. (Emphasis in original).

The decision rests on the fact that the magistrate and the circuit court judge are members of the same court. Neither the fact that the magistrate is appointed by the judge nor that the magistrate's authority is narrower than that of the judge is deemed pertinent.

The result in Filken is sound and should be adopted in the present case. To hold otherwise would create in a superior court judge a power of review over a superior court commissioner. We find no indication in our constitution, statutes or rules that such was intended. If a superior court judge could exercise special action jurisdiction in the nature of prohibition over a superior court commissioner, then presumably the other forms of special action relief could likewise be utilized under appropriate circumstances, resulting, for example, in appellate review in the nature of certiorari.

The superior court has appellate jurisdiction over justice and other courts inferior to it. Arizona Constitution, Art. 6, § 16; A.R.S. § 12–124.

"§ 16. Superior court; appellate jurisdiction

---

2. In 1970, Illinois adopted a new constitution, effective July 1, 1971. The new constitution establishes the office of associate judge which replaces that of magistrate. *See,* Constitutional Commentary,

Illinois Constitution, Art. 6, § 8, S.H.A. All citations in this opinion to the Illinois Constitution are to the provisions in effect when People ex rel. Filken was. decided.

"Section 16. The superior court shall have appellate jurisdiction in cases arising in justice and other courts inferior to the superior court as may be provided by law.

"§ 12–124. Appellate jurisdiction; issuance of writs

"A. The superior court shall have appellate jurisdiction in all actions appealed from justices of the peace, inferior courts, boards and officers from which appeals may, by law, be taken.

"B. The superior court may issue writs of certiorari to inferior courts, boards or officers to compel a return of their proceedings, examine or try such proceedings and give any judgment or make any order necessary in furtherance of justice.

"C. The superior court may issue writs of prohibition or other remedial writs necessary to carry out its powers."

As previously stated, there is no indication of an intent to give the superior court appellate jurisdiction over its own commissioners. The commissioners' acts have the same force and effect as if done by a superior court judge.

Inasmuch as review of a superior court commissioner's acts by the superior court is not contemplated in the provisions establishing superior court commissioners, that power should not be created through the use of special action proceedings.

If facts justifying and requiring special action relief from the acts of a court commissioner occur, that relief can be obtained from this Court. *See* Bowlin v. Doyle, 15 Ariz.App. 405, 489 P.2d 68 (1971).

The relief requested is granted and the respondents are enjoined from proceeding further in the Maricopa County Superior Court with respect to Cause No. C–262021.

JACOBSON, J., concurs.

EUBANK, Judge (dissenting).

I find that I must dissent from the majority opinion. It is my opinion that in reading the various constitutional provisions, legislative enactments and Supreme Court rules relating to a Commissioner that a "court inferior to the superior court" (Art. 6, Sec. 1, Arizona Constitution) has been created and that the superior court has appellate jurisdiction in matters arising therein. (Art. 6, Sec. 16, Arizona Constitution). For this reason, I would deny the relief requested in the Petition for Special Action.

Article 6, Section 1, Arizona Constitution, 1 A.R.S., states the following:

"Section 1. The judicial power shall be vested in an integrated judicial department consisting of a Supreme Court, such intermediate appellate courts as may be provided by law, a superior court, such courts inferior to the superior court as may be provided by law, and justice courts."

The sections following Section 1 define the jurisdiction, duties, and officers of the integrated court system. Two sections defer such structuring until such time as the legislature in its discretion provides for the structure "by law". The first is Article 6, Section 9, which reads:

"Section 9. The jurisdiction, powers, duties and composition of any intermediate appellate court shall be as provided by law."

and the second is Article 6, Section 24, which reads:

"Section 24. Judges of the superior court may appoint court commissioners, masters and referees in their respective counties, who shall have such powers and perform such duties as may be provided by law or by rule of the Supreme Court. Court commissioners, masters and referees shall receive such compensation as may be provided by law."

In both situations the legislature has acted: Regarding Section 9, Article 6, they enacted A.R.S. § 12–120 through § 12–120.32 which brought our present court of appeal into existence and provided for their jurisdiction, duties and officers; regarding Sec-

tion 24, Article 6, they enacted Chapter 116, Laws of 1961, which reads as follows:

*"An Act*

*Relating to Courts and Civil Proceedings; Providing for Appointment of Court Commissioners in Certain Counties; Prescribing Limitations, and Amending Title 12, Chapter 2, Article 2, Arizona Revised Statutes, by Adding Section 12–213.*

Be it enacted by the Legislature of the State of Arizona:

Section 1. Title 12, chapter 2, article 2, Arizona Revised Statutes, is amended by adding section 12–213, to read:

12–213. *Commissioners in Certain Counties; Appointment; Powers and Duties; Salary*

A. In counties having three or more superior court judges, the presiding judge may appoint court commissioners to serve at his pleasure who shall have such powers and duties as shall be provided by rule of the supreme court, save and except such commissioners are expressly prohibited, except in default hearings, from making any ex parte orders which would deprive any person or persons from custody of their child or children, or change of counsel of attorneys, or deprive any person of their liberty, or deprive any person or entity from their property or the use thereof, or any injunctive relief.

B. Commissioners appointed under subsection A of this section shall receive an annual salary not to exceed twelve thousand five hundred dollars as shall be fixed by the presiding judge, which shall be a county charge. No one shall be appointed commissioner who is not a duly licensed member of the state bar of Arizona and has engaged in active general practice of the law for a period of not less than three years next preceding his appointment."

The foregoing statute provides for the appointment of commissioners, delegates to the Supreme Court the responsibility of setting the powers and duties of the office by court rule, as authorized expressly by Article 6, Section 24, limits its jurisdiction in certain respects, and provides for salaries and qualifications for commissioners.

In 1961 the Supreme Court promulgated Rule 46, Rules of the Supreme Court, 17 A.R.S., which in extensive detail outlines the judicial powers and duties of the commissioners. A comparison of Rule 46 and A.R.S. § 12–213, the powers and duties of the commissioner, with Title 22, A.R.S., the powers and duties of the justice of the peace, confirms that the court commissioner has been given all the attributes of a judicial officer of a court of very limited jurisdiction. *See* 20 Am.Jur.2d, Courts, §§ 1, 16.

Our Supreme Court has defined a "court" as a tribunal established for the public administration of justice, and has held that the Industrial Commission is not a "court" primarily on the basis of the separation of powers. Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658 (1926). No such limitations can be made with the court commissioner. His office was established under Article 6 of the Arizona Constitution as a part of the judicial branch of government (Article III, Arizona Constitution); consequently, the commissioner does not suffer the impediments in this regard as "quasi-judicial" agencies of the executive branch of government have in the past. 20 Am.Jur. 2d, Courts, § 2.

It goes without saying that the intent of the people as expressed in their constitution governs. My reading of Article 6, Section 24 (Commissioner), supra, and Article 6, Section 9 (Court of Appeals), supra, reveals the clear intention to leave to the legislature, in the latter instance, and the legislature and Supreme Court, in the former instance, the determination of the where, when, how and what of their structures. Here the legislature and Supreme Court acted, the result of which, in my opinion, has been the creation of the court of appeal and the "court" of the court commissioner. The latter therefore constitutes

an "inferior court" to the superior court and its proceedings are reviewable by special action in the superior court, in cases where a special action is otherwise applicable.