530 P.2d 907
**Aurora GIRON, Appellant,**
v.
**Antonio GIRON, Appellee.**
**No. I CA–CIV 2222.**

Court of Appeals of Arizona,
Division 1,
Department B.
Jan. 16, 1975.
Rehearing Denied Feb. 24, 1975.

**62**

Wade E. Church, Phoenix, for appellant.

Estrada & Estrada, P. A. by Carlos R. Estrada, Phoenix, for appellee.

HAIRE, Chief Judge, Division 1.

The only issue presented by this appeal is whether the Presiding Judge of the Maricopa County Superior Court had the jurisdiction to declare void an order previously entered by a Superior Court Commissioner. The Commissioner's order had set aside a divorce decree which the Commissioner had previously granted. We hold that upon the facts here presented the Presiding Judge did have the requisite jurisdiction.

Appellant, Aurora Giron, was granted a default divorce from Antonio Giron on February 8, 1962, by Maricopa County Superior Court Commissioner Douglas H. Clark. On February 10, 1972, over ten years later, the divorced husband died, and on March 13, 1972 Mrs. Giron filed a motion to set aside the decree of divorce. This motion was granted on March 15, 1972 by Commissioner Clark.

The Commissioner's order contained the following findings: first, that Mrs. Giron had not been a resident of Maricopa County for six months and of the State of Arizona for one year next preceding the filing of the action for divorce; second, that the service by publication did not give the court jurisdiction over the property involved in the settlement; and third, that the ex-husband was guilty of extrinsic fraud in concealing community assets.

On April 4, 1972 the heirs of the ex-husband filed a motion before Maricopa County Superior Court Judge Lawrence H. Doyle, Jr., contending that Commissioner Clark's order of March 15, 1972 should be set aside on the grounds that Commissioner Clark had no jurisdiction to enter that order, and, further, that Mrs. Giron had given false testimony at the hearing. Judge Doyle referred this motion back to Commissioner Clark for a hearing.

Approximately three months after the hearing Commissioner Clark entered the following order:

"It appearing to the Court that there is a serious question of jurisdiction under Rule 46(a), IT IS ORDERED ASSIGNING this cause to the Presiding Judge, the Honorable Donald F. Froeb, Div. #15, Superior Court, for hearing on the Defendant's Motion to Set Aside Order Setting Aside Judgment and Decree of Divorce and Dismissing with Prejudice."

Judge Froeb then proceeded to hear and consider the motion, and on September 14, 1972, he entered an order granting the relief requested, holding that Commissioner Clark's order setting aside the original divorce decree was void for lack of jurisdiction. Mrs. Giron has appealed that order.

The powers of a superior court commissioner are spelled out in 17A A.R.S., Rules of the Supreme Court, rule 46. Rule 46(a) §§ 1 and 7, are the provisions we deem applicable to the determination of this appeal.[1]

---

I. Rule 46(a) §§ 1 and 7 read as follows:

"46(a) Powers of commissioner; hearings and determinations; orders; contempt in presence of commissioner. Each court commissioner shall, except as otherwise provided by this Rule, have the power to:

"1. Hear and determine any matter in which each party sought to be adversely af-

It is Mrs. Giron's contention that since the Commissioner could have determined at the original divorce proceeding any jurisdictional questions or any allegation of fraud, he had the same power to make such a determination at a later date based upon newly presented evidence. In essence this contention is that a commissioner may set aside a prior final judgment entered by him when it is later brought to his attention that he lacked jurisdiction to enter the judgment because of fraud or some other reason. The procedures which may be utilized to accomplish the setting aside of a prior final judgment are set forth in 16 A. R.S., Rules of Civil Procedure, rule 60(c). Mrs. Giron's contention is not sound for it totally ignores Rule 46(a) § 7, which reserves to a superior court judge the power to set aside a prior final order or judgment entered by a commissioner arising under Rule 60(c).

The proceeding entertained by Commissioner Clark in March 1972, although not specifically so designated, was a proceeding pursuant to Rule 60(c).

■ This Court has previously held in Bowlin v. Doyle, 15 Ariz.App. 405, 489 P. 2d 68 (1971), that a petition by a husband to be relieved from the terms of a default divorce decree is clearly encompassed within the provisions of Rule 60(c), and by virtue of Rule 46(a) § 7 a superior court commissioner lacked jurisdiction to entertain such a petition. *See also,* Green v. Thompson, 17 Ariz.App. 587, 499 P.2d 715

(1972). This rule is applicable to the facts presented on this appeal.

Mrs. Giron also contends that Judge Froeb's consideration of the motion to set aside Commissioner Clark's order was a review of said order and therefore is prohibited by our holding in Green v. Thompson, *supra.* In Green we held that a superior court judge does not have jurisdiction to issue a writ of prohibition against a superior court commissioner. This decision was based upon the explicit finding that a superior court judge does not possess the power of review over a superior court commissioner.

■ The record of this case indicates that the transfer from Commissioner Clark to Judge Froeb was simply a voluntary assignment of the matter. In addition the assignment was proper for Mr. Giron's heirs' motion was actually a Rule 60(c) motion to set aside Commissioner Clark's order of March 15, 1972. As such, Rule 46(a) § 7 required that it be considered by a superior court judge and not by a superior court commissioner. For these reasons Judge Froeb's order of September 14, 1972 was clearly not within the purview of Green v. Thompson, *supra.*

We therefore affirm the order signed by Judge Froeb holding that Commissioner Clark's order setting aside the original divorce decree was void for lack of jurisdiction.

JACOBSON, P. J., Department B, and EUBANK, J., concur.

---

fected thereby (a) has had his default entered, or (b) has given his consent in writing, individually or by his attorney, to the commissioner's hearing and determining such matter, or (c) has, in a proceeding arising under Chapter 3, Title 25, Arizona Revised Statutes (entitled 'Dissolution of Marriage'), filed a written waiver of further time to appear, notice of trial setting and entry of judgment. As amended September 18, 1962.

\* \* \* \* \*

"7. Hear and determine any motion or application relating to an order, judgment or decree granted or signed by a commissioner, and made subsequent to the entry thereof, except that an application or motion made under Rules 55(c) or 60(c) of the Rules of Civil Procedure shall be heard and determined by the presiding judge of the Superior Court or by such other judge as the presiding judge may designate."