NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, ex rel, DES
DANIELLE SHKAY SMITH, *Petitioners/Appellees*,

*v.*

SHANE STEVENS, *Respondent/Appellant*.

No. 1 CA-CV 22-0590 FC
FILED 7-20-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-052815
The Honorable Michelle Carson, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Department of Economic Security*

Shane Stevens-El, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Judge Brian Y. Furuya and Judge Andrew M. Jacobs joined.

---

**G A S S**, Chief Judge:

¶1         Shane Stevens-El (father) appeals the superior court's denial of his motion to vacate a judgment imposing child support obligations. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2         Mother alleged father was the parent of her child born in December 2020. In October 2021, the Arizona Department of Economic Security (ADES) petitioned to establish father's paternity through genetic testing and sought an order for child support on behalf of mother. ADES did so under the Title IV-D program. In response, father filed affidavits stating he is a "fit parent" and was "elect[ing], by right, to not participate in the Title IV-D program."

¶3         In May 2022, the superior court held a hearing to establish child support and decided it would take no action on father's affidavits. Though father attended the hearing, he did not participate and said he "d[id] not consent to these proceedings." Father also did not complete the paternity test and refused to recognize the authority of the Title IV-D program. ADES moved to proceed by default and the superior court granted the motion.

¶4         After the superior court proceeded by default, it ordered father pay $6,022 in child-support arrears and $410 per month in prospective child support. Father then filed a motion titled "Motion to Vacate Void Judgment" demanding the superior court vacate its order. He argued he has a constitutional right to decline to participate in Title IV-D services, he had not contracted to pay child support, and the superior court's order was void because the court commissioner lacked authority. The superior court denied his motion. Father then timely appealed the superior court's denial.

**JURISDICTION**

¶5　　　　The state argues this court lacks jurisdiction over father's appeal because father moved to vacate a "void judgment," rather than filing a motion to set aside default judgment. But the judgment against father was not a default judgment.

¶6　　　　A court may issue a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Ariz. R. Civ. P. 55(a)(1). Here, ADES petitioned and father timely responded by filing affidavits addressing the petition. The superior court did not enter a "default judgment." Instead, it proceeded "by default" because of father's nonparticipation and then entered a judgment. Because father timely challenged the superior court's final ruling, his motion was proper.

¶7　　　　This court has jurisdiction over father's appeal under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and -2101.A.1.

**ANALYSIS**

¶8　　　　Father argues the superior court erred in denying his motion to vacate void judgment because: (1) the Title IV-D child support program violates his due process rights; (2) he need not pay child support because he did not contract to do so; and (3) the superior court's order is void because the court commissioner lacked authority to preside over this matter.

¶9　　　　This court reviews the superior court's conclusions of law about child support *de novo*. *Nia v. Nia*, 242 Ariz. 419, 422 ¶ 7 (App. 2017). This court reviews factual findings for an abuse of discretion and reverses only when clearly erroneous. *In re Marriage of Gibbs*, 227 Ariz. 403, 406 ¶ 6 (App. 2011). A finding is clearly erroneous only if, after considering the evidence, this court has a "definite and firm conviction" the superior court erred. *State v. Burr*, 126 Ariz. 338, 339 (1980). This court does not "reweigh the evidence but defer[s] to the [superior] court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019).

¶10　　　　Father provided no transcripts from the Title IV-D evidentiary hearing. If a party does not provide a transcript, this court presumes the testimony and other evidence discussed in the missing transcript supports the superior court's factual findings and conclusions of

law. *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30 ¶ 16 (App. 2003). We apply that presumption here. *See id.*

## I.      The superior court did not violate father's due process rights by ordering child support under Title IV-D.

**¶11**          Father argues the superior court deprived him of due process because he has the "right as a fit parent to decline Title IV-D services." Father also argues the judgment infringed his constitutional right to make decisions about his child's "care, custody, and control."

**¶12**          This court reviews *de novo* "constitutional issues, including an alleged violation of due process." *Wassef v. Ariz. State Bd. of Dental Exam'rs ex rel. Hugunin*, 242 Ariz. 90, 93 ¶ 11 (App. 2017). Due process errors merit reversal only if they prejudice a party. *Volk v. Brame*, 235 Ariz. 462, 470 ¶ 26 (App. 2014).

**¶13**          The superior court did not violate father's due process rights under Title IV-D of the federal Social Security Act. Title IV-D grants conditional funds to states to secure financial support for children from noncustodial parents. 42 U.S.C. § 651; A.R.S. § 25-509.A. Under Title IV-D, a state may provide certain services including establishing paternity and child support obligations. 42 U.S.C. § 654; A.R.S. §§ 25-509, -816.

**¶14**          Whether a custodial parent receives assistance from ADES's Title IV-D program to collect child support does not concern the child's care, custody, and control. *See, e.g.*, *Doll v. Barnell*, 693 N.W.2d 455, 461 (Minn. App. 2005) (ruling state's Title IV-D child-support program did not violate parents' right to control their child's upbringing because child support does not involve a fundamental parental right). An action securing child support, thus, does not involve any fundamental parental rights.

## II.      Father has a legal duty, not a contractual duty, to support his child.

**¶15**          Father argues ADES has no cause of action because there was no valid contract requiring him to provide child support.

**¶16**          Under Arizona law, "every person has the duty to provide all reasonable support for that person's . . . minor, unemancipated children." A.R.S. § 25-501.A. This duty "is not founded upon contract, expressed or implied, but on the . . . legal duty of a [parent] to support [their] minor children." *Indus. Comm'n v. Oden*, 68 Ariz. 234, 238 (1949). In fact, "[a] parent may not form a valid and enforceable contract which

releases the parent from all obligation to support his or her minor children." *Smith v. Saxon*, 186 Ariz. 70, 73 (App. 1996).

**¶17** Father relies on the federal nature of Title IV-D to argue mother has no right to child support. True, generally a parent has no individual *federal* right to compel ADES to collect child support. *Blessings v. Freestone*, 520 U.S. 329, 343–44 (1997); *see also Wehunt v. Ledbetter*, 875 F.2d 1558, 1565 (11th Cir. 1989) ("Title IV-D does not create any enforceable right."). But father's argument misses the point. This case arises under state law—not federal law. *See* A.R.S. § 25-505.A (permitting ADES to issue income withholding orders). And state law compels father to support his child. *See* A.R.S. § 25-501.A; *Indus. Comm'n*, 68 Ariz. at 238. Moreover, ADES—not mother—seeks to enforce the obligation here. And while mother has no individual right to compel ADES to pursue father for payment of child support under Title IV-D, the State of Arizona may elect to do so in its discretion. *See* A.R.S. § 25-509.B (authorizing state to initiate or intervene in an action involving child support).

**¶18** Father also argues the superior court erred in ordering him to pay child support because it relied solely on mother's testimony to support its paternity finding. Not so. Under A.R.S. § 25-813(2), the superior court must enter an order of paternity if a party violates an order for genetic or blood testing. "An order of genetic testing issued by [ADES] has the same force and effect as a superior court order." A.R.S. § 25-816.A. And if the superior court decides paternity in the affirmative, it must order child support. A.R.S. § 25-809.A, .D.

**¶19** Here, ADES ordered father to submit a genetic test to establish paternity. But father never completed a genetic or blood test. Because father violated the order for genetic testing, the superior court lawfully determined father is the child's legal parent. *See* A.R.S. § 25-809.A, .D; A.R.S. § 25-813(2).

## III. The superior court commissioner's order establishing child support is valid and controlling.

**¶20** Father argues the court commissioner "did not act as a court commissioner . . . in this proceeding, but as a hired contractor"; "[t]he 'child support proceeding' was not a judicial process and the 'paternity judgment' and 'support order' . . . [were] not court order[s]"; and the judgment and order were issued *coram non judice*—outside the presence of a judge. At bottom, father argues the superior court commissioner's order is void because she lacked authority to preside over this matter.

**¶21**      Court commissioners have statutory authority to preside over child-support cases and enter child-support orders. A.R.S. § 12-298.C. When court commissioners act within the authority granted by statute, their orders have the same force and effect as those entered by superior court judges. Ariz. R. Sup. Ct. 96(a)(6); *see also Green v. Thompson*, 17 Ariz. App. 587, 590 (1972) ("The commissioner's jurisdiction is narrower than that of a regular superior court judge, but within the confines of that authority, he acts as a superior court judge."). Because the court commissioner's order establishing child support was within her authority, the order has the same effect as if entered by a superior court judge.

**¶22**      The superior court commissioner's order establishing child support, thus, is valid and controlling.

## CONCLUSION

**¶23**      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AA